**NATIONAL UNION FIRE INSURANCE COMPANY, Appellant,**

v.

**SOUTHWESTERN GREYHOUND LINES, INC., Appellee.**

No. 15993.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 27, 1959.

Rehearing Denied March 27, 1959.

Christopher & Bailey, and T. S. Christopher, Fort Worth, Brundidge, Fountain, Elliott & Bateman, and L. E. Elliott, Dallas, for appellant.

Samuels, Brown, Herman, Scott & Young, and Richard E. Miles, Fort Worth, for appellee.

MASSEY, Chief Justice.

In 1955 the Railroad Commission of Texas, acting under the Motor Bus Law of the State of Texas, entered Motor Transportation Division General Order No. 13. This order required each motor bus company operating under its jurisdiction to file with the Railroad Commission a bond payable to the State in the sum of $5,000 conditioned as required by the order.

The Mooney Motor Coaches, Inc., as one of said motor bus companies, filed the requisite bond. This bond was executed by the National Union Fire Insurance Company, effective as of November 7, 1955, and the condition of its obligation was as follows:

"That the principal therein (Mooney Motor Coaches, Inc.) will well and truly pay off and discharge to each of its connecting motor bus companies all sums due such companies and each of them as for interline balances and other monies growing out of, connected with, or incident to, the interchange of passengers as directed by this order or otherwise; * * *. Provided further that the insolvency of the principal shall not affect the obligation of the surety hereunder."

For many years prior to the effective date of the bond the Mooney Motor Coaches had been dealing with the Southwestern Greyhound Lines, Inc., in respect to exchange of passengers. For example, the Mooney Company would sell a passenger a ticket for a trip, the point of origin of which was on the Mooney line and the point of termination on the line of the Greyhound Company, and the Greyhound Company would do likewise as to trips where the point of origin was on its line and the point of termination on the Mooney line. For any substantial period the "interline balance" resulting from the books which were kept in connection with such transactions would result in an amount in cash owing by the Mooney Company to the Greyhound Company.

On the effective date of the bond the Mooney Company owed upon the account books of the Greyhound Company an "interline balance" which was in excess of $2,409.55. Subsequent to the effective date of the bond several cash payments were made by the Mooney Company to the Greyhound Company, the total amounting to $3,500. As the payments were received by the Greyhound Company they would be credited upon the balance owing as of the time of the receipt, resulting therefore in an application to the oldest part of the debt owing. This was in accord with an established practice of both Companies. During the period of time following the effective date of the bond there were additional "interline balance" amounts accruing. The account, as of the time the business dealings of the two Bus Companies ceased, left the amount of $2,409.55 due and owing to the Greyhound Company by the Mooney Company. The status of the account is such that it is apparent that the amount paid between the date the bond became effective and the date relations ceased was more than sufficient to pay off all amounts owed by the Mooney Company if the amount owing on the bond's effective date should properly be excluded from consideration. In other words, had the Mooney Company not owed the Greyhound Company on November 7, 1955, it would not have owed it the debt sought to be collected by this suit.

The Southwestern Greyhound Lines, Inc., brought its suit on account against the Mooney Motor Coaches, Inc., and the surety on its bond, the National Union Fire Insurance Company. Following a trial without intervention of a jury, a judgment was entered, jointly and severally, against both defendants for $2,409.55, and likewise for an amount as attorney's fees.

Mooney Motor Coaches, Inc., did not appeal. The National Union Fire Insurance Company did appeal, and is before us complaining of the judgment in respect to the primary amount above noted and in respect to the amount as attorney's fees which was assessed against it.

■ On the matter of the propriety of judgment entered on the bond, exclusive of attorney's fees, the appellant Insurance Company predicates its contentions of error upon an assumption of fact which is without foundation in the record.

The assumption is that the cash payments made by the Mooney Company to appellee between the effective date of the bond and the date such character of payments ceased came from funds of the Mooney Company which were accumulated or acquired as the result of the operation contemplated by the parties privy to the bond and during the period covered by the bond. It could only be by way of an inference permissible to be drawn (but not compelled) from the evidence introduced by the appellee. The appellant did not offer any proof from any witness tendered by it.

The evidence is positive to the effect that cash payments were made on dates which fell within the calendar period of the bond. There is no evidence which negates the

possibility that the Mooney Company might have borrowed money from a party other than those privy to the suit and paid it to the appellee to reduce the amount owing on the account. There are many sources from which the Mooney Company could have obtained the sums paid in cash other than as demonstrated by this example. The funds accumulated through the operations contemplated by the bond would be one source, but we believe that the burden of establishing that it was the source was upon the appellant.

There being no findings of fact on the part of the trial judge, we are bound to treat the implied findings made by the trial court as having failed or refused to include that upon which the appellant predicates its assumption.

With this done, there is no necessity to pass upon the question of whether the cash amounts paid should be credited to indebtedness incurred incident to operations during the period covered by the bond rather than to the debt theretofore existent. In view of the state of the record, the question is not reached and does not presently become a matter for judicial decision.

On the matter of the propriety of judgment for attorney's fees, we agree with the appellant that they should not have been assessed against it, since they were not covered by the bond. Said bond was conditioned for the payment of all sums due for "interline balances and other monies growing out of, connected with, or incident to, the interchange of passengers." Any attorney's fees proper to ·be awarded as against the Mooney Company would not be properly awarded as against the appellant in this case, such attorney's fees not coming within the condition of the bond. This is true even though the basis of appellee's suit as against the Mooney Company was a sworn account for debt on which a systematic record had been kept and under the provisions of Article 2226, Vernon's Ann.Civ.St. The basis of appellee's suit as against the appellant does not come within the provisions of said Article.

The judgment is reformed so as to delete any amount adjudged against the appellant National Union Fire Insurance Company for attorney's fees, and, as so reformed, is affirmed.