FERRIER BROTHERS et al., Appellants,

v.

T. M. BROWN, Jr., et al., Appellees.

No. 3747.

Court of Civil Appeals of Texas.

Eastland.

Nov. 9, 1962.

Rehearing Denied Nov. 30, 1962.

Bradbury, Tippen & Brown, Abilene, R. J. Balch, Seymour, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellees.

GRISSOM, Chief Justice.

Ferrier Brothers was the prime contractor for construction of a part of Interstate Highway Number 20 around Abilene. Article 5160, known as the McGregor Act, required that they file with the State a performance bond and a payment bond. Seaboard Surety Company became Ferrier Brothers' surety on such bonds. The Browns became Ferrier Brothers' subcontractor for a portion of said work. The Browns subcontracted the same work to T. F. Hill. The subcontract was performed by Hill, as an independent contractor. It was completed and accepted by the State in February 1961. Apparently, Hill performed a portion of the work with machinery purchased from Darr Equipment Company and while the work was being done Hill's note to Darr became due and Ferrier Brothers, at Hill's request but without notice to the Browns, made a payment of $10,070.00 to Darr. That amount was withheld by Ferrier Brothers from its payment to the Browns. After the Browns' subcontract was completed, they timely and in the manner required by law filed with Ferrier Borthers and said surety their claim under the McGregor Act for the unpaid balance. It is undisputed that the Browns' subcontract was performed and that Ferrier Brothers received full payment from the State for the job. The claim filed by the Browns totaled $37,418.80, which was $64.09 more than Ferrier Brothers in their original answer admitted they owed. The claim for the $64.09 was abandoned by the Browns. The Browns sued Ferrier Brothers and their surety for the unpaid balance of their contract. The Browns' motion for a summary judgment was granted and judgment was rendered for them. Ferrier Brothers and Seaboard Surety Company have appealed.

Appellants contend the court erred (1) in striking their amended answer and cross-action, which was filed without leave of the court on January 15, 1962; (2) in overruling, on January 16th, their application for continuance of the hearing of the motion for summary judgment and (3) in granting plaintiffs' motion for a summary judgment.

In appellants' original answer, filed in June, 1961, they alleged Hill was asserting a claim to the money owed by Ferrier Brothers to the Browns and they took the position that they were stake holders to the extent of $27,284.71. They denied that the Browns were entitled to $10,070.00 which had been paid by Ferrier Brothers to Darr on behalf of Hill and charged to the Browns. No deposit in court of the $27,284.71 was made. Ferrier Brothers made Hill a party to the suit and their then attorney filed an answer for him. Although Hill had claimed the Browns owed him some money on his subcontract, he later made an affidavit in which he denied that appellees were indebted to him, waived any claim to the money held by Ferrier Brothers for the Browns and swore, as he had in a previous deposition, that the $10,070.00 paid for him by Ferrier Brothers to Darr was for payment of his note to Darr for the purchase price of machinery. Hill acknowledged that he owed Ferrier Borthers said amount. The Browns filed a motion for a summary judgment, making Hill's affidavit and the pleadings and depositions on file a part thereof. Thereupon, appellants, on January 9, 1962, filed their supplemental answer and cross-action and a sworn answer to appellees' motion for a summary judgment. After due notice, the court held a pre-trial hearing on January 11th, taking up at that time appellees' motion for a summary judgment. The case had previously been set for trial on its merits on January 16, 1962. The court reserved decision of appellees' motion for summary judgment until that time. On January 16, 1962, the court held there was no genuine issue as to any material fact and granted appellees' motion for a summary judgment.

Appellants did not refute the affidavit of Hill or the depositions on file. They did not present counter affidavits or evidence, nor did they offer any excuse for their

184

failure to do so. Appellants' amended answer and cross-action, filed without leave of the court on January 15, 1962, was stricken. Their motion for a continuance, filed on January, 15th, was denied and, the amount of attorneys' fees being stipulated, judgment was rendered for the Browns for the unpaid balance of their contract and for attorneys' fees.

Appellants say the court erred in striking their amended answer and cross-action; that amended pleadings and supporting instruments may be filed at any time before a hearing of the motion for summary judgment and that said pleading was filed before said hearing; that the provision in Texas Rules Civil Procedure 63, that leave of court must be had for amending pleadings within 7 days of trial applies to a trial on the merits, but not to a hearing of a motion for summary judgment. In support thereof it cites Green v. Smart, Tex.Civ.App., 333 S.W.2d 880; Archer v. Skelly Oil Company, Tex.Civ. App., 314 S.W.2d 655, (Ref. N.R.E.), 159 Tex. 154, 317 S.W.2d 47; Hammett v. Fleming, Tex.Civ.App., 324 S.W.2d 70, (Ref. N.R.E.) and Womack v. Allstate Insurance Company, (Sup.Ct.), 156 Tex. 467, 296 S.W.2d 233.

Appellants contend that, notwithstanding the striking of said pleading, there remained pleadings, affidavits and evidence sufficient to raise the following fact issues: (1) Was the $10,070.00 payment by Ferrier Brothers to Darr for rent on equipment? (2) Was Hill Brown's subcontractor, or a partner, agent or employee? (3) Was Hill at the time he was working on the project a partner of the Browns and (4) was the conduct of the Browns in permitting Hill to do the work such that it would be unjust and inequitable to refuse Ferrier Brothers a recovery of the $10,-070.00 from the Browns, who caused the condition which required Ferrier Brothers to make said payment to Darr?

Appellants say that they submitted Darr's invoice which recited that the $10,070.00 charge was for rental on equipment; that the deposition of Vincent showed that such payment was for rental on equipment and that Vincent, Ferrier Brothers' Accountant and Office Manager, had been told by Darr that the $10,070.00 charge was for rent on equipment. They say that they thereby raised fact issues by pleadings which remained and their affidavits. With reference to appellants" contention that Hill was not a qualified, bona fide, subcontractor, they contend that a contractor is not permitted to subcontract more than half of his contract; that the Browns assigned their entire contract to Hill; that this was unlawful and, since Hill furnished no bond, the Browns and Hill became partners, or Hill was their agent or employee and, therefore, Ferrier Brothers were justified in withholding the $10,070.00 from the Browns, regardless of whether Ferrier Brothers' payment to Darr was for rent of equipment. Darr's invoice was inadmissible. It was hearsay. Vincent, Ferrier Brothers' Office Manager and Accountant, did claim the $10,-070.00 paid by the Ferriers to Darr was for rent on equipment. But, all he knew about it was what Darr told him. This was not admissible against the Browns. Furthermore, he testified that he had heard the testimony that it was for the purchase of machinery, not for rent, and that he had no reason to doubt such testimony and that nothing in Ferriers' record, except Darr's invoice, showed it was for rent. Only Darr and Hill knew. Hill swore that the $10,070.00 note paid to Darr by Ferrier, for Hill, was given for the purchase price of machinery, nor for rental on machinery used on the job. Only Darr could refute this statement in Hill's affidavit and appellants did not produce such an affidavit, or testimony, of Darr. The testimony of Vincent, the Ferriers' representative, was to the effect that the Browns' subcontract to Hill was satisfactory to Ferrier Brothers. Hill performed his subcontract to the satisfaction of the State and the Ferriers received full payment on their contract with the State. There was

no evidence that Hill was a partner or employee of the Browns. There is no justification for appellants' complaint that the Browns sublet to Hill their entire subcontract. The Highway Department's contract with Ferrier Brothers, the prime contractor, may have required that the Ferriers perform 50 percent of the work called for by their contract with the State. But, no contract or law making such a requirement of the subcontractors Brown has been pointed out or found.

■ Appellants' original answer was filed on June 5, 1961. In it appellants made Hill a party and their then attorney filed an answer for him in which it was alleged that Hill was an independent contractor. Appellees' motion for a summary judgment was filed on January 3, 1962. A copy was furnished Hill and appellants and they were given notice of a hearing thereof on January 15th. But, before that time the court directed all parties to appear on January 11th for a pre-trial hearing. All parties appeared on January 11th, and all motions, including appellees' motion for a summary judgment, were taken up and considered at that time. On January 9th appellants had filed an amended answer and cross-action and a sworn answer replying to appellees' motion for a summary judgment. The case had previously been set for trial on its merits several times. On at least three occasions the case had been continued by appellants. The last setting of the case for a trial on the merits was for January 16th. Appellants were notified thereof on December 19, 1961. At such pre-trial hearing on January 11th, the court reserved decision on appellees' motion for a summary judgment. On January 16th, the day the case was set for trial on its merits, the court granted appellees' motion for a summary judgment. On January 15, 1962, appellants filed an amended answer to appellees' motion for a summary judgment and attached an affidavit thereto. On that date they filed, without the court's permission, their third amended answer and cross-action. Said

last pleading was stricken, but appellants' amended answer to appellees' motion for a summary judgment was not stricken.

On January 16th, the day the case had been set for trial on its merits for the fourth or fifth time, appellants filed an application for a continuance. It was overruled. In said motion it was alleged that because Hill had previously claimed that the Browns were indebted to him on his subcontract but had more recently sworn that he was mistaken and that he had abandoned such claim that appellants believed some relationship existed between Hill and the Browns which had caused Hill to make such change and that appellants needed more time to investigate such relationship. The record showed that at least a month before Hill testified appellants knew about this change. The attorney who represented appellants during the first few months of the pendency of this suit, while Hill was claiming the Browns still owed him something on his subcontract, also represented Hill. The record shows appellants had adequate time to investigate such alleged relationship. The court did not abuse its discretion in overruling the motion for continuance.

■ With reference to the striking of appellants' third amended answer and cross-action, appellees say that said pleading was simply a rehash of matters already before the court, with the addition of vague allegations of a partnership between Hill and appellees and that such contention had been raised, at least inferentially, by appellants' previous pleadings and that it was distinctly raised in appellants' amended answer to appellees' motion for a summary judgment. They further say that said stricken answer was sworn to by appellants' attorney and that the only injury appellants could possibly have suffered is that the court did not consider the stricken pleading as an affidavit in opposition to the affidavits and depositions of appellees; that appellants could not have been injured thereby because the stricken answer did not

specifically deny anything asserted in appellees' affidavits and did not specifically allege any fact which contradicted appellees' contention. The stricken answer disclosed that the matters alleged therein could not have been within the personal knowledge of appellants' attorney, who swore to it. Since he could not have testified to such matters the answer could not have been considered as an affidavit under Texas R.C.P. 166–A. In Lawyers Surety Corp. v. Investors Mutual of Nueces, Inc., Tex.Civ.App., 353 S.W.2d 882, (Ref. N.R.E.), the court said

"The supporting affidavit filed by appellee was not replied to or contradicted by any opposing affidavit filed by appellant. The affidavit of appellee, which was unanswered, was sufficient to require the court to render the summary judgment which it did. Appellant contends that its sworn answer filed on the day the motion for summary judgment was heard, was sufficient to contradict the supporting affidavit, was sufficient to show that there were fact issues to be decided, and that summary judgment was therefore improper. We do not agree. Rule 166–A, T.R.C.P., requires in effect that opposing affidavits must be served prior to the day set for the hearing of a motion for summary judgment. The amended answer filed by appellant on the day of hearing came too late to be regarded as an opposing affidavit. Furthermore, it is signed by one of the attorneys in the case, and does not show affirmatively that the attorney was competent to testify to the matters stated therein, as is required by the Rule."

The stricken answer was filed too late to be considered as a controverting affidavit. In any event, appellants were not injured thereby. It did not contradict any material statement of fact in appellees' affidavits and depositions supporting their motion for a summary judgment. At most, it raised legal conclusions. It is evident that appellants' attorney was not competent to testify to any material fact alleged therein. They could not have been within his personal knowledge. See American Motors Acceptance Corp. v. Heckerman, Tex.Civ.App., 332 S.W.2d 345, (Writ Dis.), and Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948. The court did not err in striking said pleading.

■ Appellants' third point is that the court erred in rendering judgment for appellees because there were material issues of fact. We have heretofore stated the issues of fact that appellants contend were raised. Appellees' counter-point is to the effect that their pleadings, depositions and affidavits demonstrate that there was no genuine issue of material fact and that appellants failed to discharge their burden of presenting evidentiary data raising any issue, or to justify their failure to do so. Appellees' trial petition alleged that Ferrier Brothers entered into a subcontract with the Browns to do the work in question; that said work was completed in accordance with the terms of the contract and in a manner satisfactory to the Highway Department. These matters were not in dispute. In appellants' original answer they, in effect, admitted such facts, but asserted that they could not pay $10,070.00 to appellees because Hill claimed appellees owed him that much money on his subcontract. Mr. Vincent, the accountant and office manager of Ferrier Brothers, testified by deposition that the Browns' subcontract was timely and satisfactorily completed according to specifications; that it was accepted by the Texas Highway Department and that Ferrier Brothers received full payment for the job; that Ferrier Brothers received final payment in April, 1961; that the Browns did everything they agreed to do, and that the only question was whether they could pay the $10,070.00 to the Browns because Hill was claiming the Browns owed him that much on the job. Appellees alleged they earned $397,484.90 and that $37,418.80 was due them and unpaid. These allegations were

established by the affidavits and depositions tendered by appellees and were not disputed. Tersely stated, for a time there was one fact question in issue between the parties and that was relative to the duty of Ferrier Brothers to pay the Browns the sum of $10,070.00 which Ferrier Brothers had paid to Darr for Hill. This issue disappeared when it was shown by Hill's affidavit that said money was not paid for rent on equipment; that the Browns owed him nothing and his admission that he owed Ferrier Brothers the $10,070.00, loaned to him to pay Darr. Appellees asserted a valid cause of action. All of the material allegations thereof were conclusively established by pleadings, depositions, admissions and affidavits. Appellants did not shoulder the burden that then rested upon them of presenting opposing evidentiary data raising a fact issue, nor did they excuse their failure to do so. In Gulf Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500, the Supreme Court, in an opinion by Judge Griffin, said

"When a motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate relief under subdivision (f) of Rule 166–A.

"Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense."

In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951, Judge Walker said:

"When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered.

\* \* \* \* \* \*

"If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come forward with 'evidence' sufficient to raise that question."

See also Allen v. Western Alliance Insurance Company, Tex.Sup., 349 S.W.2d 590, 594.

Appellants' fourth and last point is that the court erred in rendering judgment for attorneys' fees because they cannot be recovered in a suit of this kind. On the trial appellants did not concede that attorneys' fees could be recovered. However, they stipulated that $7500.00 would be reasonable attorneys' fees, if it should be held that attorneys' fees were recoverable.

Art. 5160, par. A required Ferrier Brothers to execute a bond for the payment of labor and material. Paragraph (b) says that the payment bond of such a contractor as Ferrier Brothers shall be for the protection of all claimants supplying labor and material in the prosecution of the work provided for in such a contract. Paragraph B provides that every claimant who has furnished labor and material in prosecution of the work provided for in such a contract, in which a payment bond is furnished and who has not been paid in full therefor shall have the right, if his claim remains unpaid after the expiration of 60 days after the filing of his claim, "to sue the principal and the surety \* \* \* on

the payment bond * * * for the amount * * * unpaid at the time * * * of the institution of the suit." Paragraph C defines a claimant as anyone who has a direct contractual relationship with the prime contractor to perform a part of the work, or to furnish labor or material, or both. Article 2226 provides that any person having a valid claim against another for personal services rendered, or for labor done or material furnished, or in suits founded upon a sworn account may present the same to such person and, if at the expiration of 30 days thereafter the claim has not been paid and he should finally obtain a judgment therefor, may recover reasonable attorneys' fees. The appellees timely and properly presented their claims. It seems there is no question but that appellees are entitled to recover reasonable attorneys' fees from Ferrier Brothers and, since the amount of attorneys' fees has been stipulated, that the court properly rendered judgment for attorneys' fees. Any doubt as to appellees' right to also recover attorneys' fees from Ferrier Brothers' surety is dispelled by the decision in United States for Use and Benefit of Caldwell Foundry & Mach. Co. v. Texas Construction Company, 5 Cir., 237 F.2d 705, wherein the court said

"Appellees do not raise the question, as well they might, of whether the Miller Act, 40 U.S.C.A. §§ 270a–270d, permits the imposition of attorney's fees upon the sureties in payment bonds. Having ourselves raised up that straw man, we knock it down with the observation that, in suits under the Miller Act, the recovery of interest, costs, and attorney's fees is governed by the state law. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 381, 37 S.Ct. 614, 61 L.Ed. 1206. The allowance of attorney's fees under such a bond was fully considered and discussed in United States for Use and Benefit of Brady's Floor Covering v. Breeden, D.C.Alaska, 110 F.Supp. 713, 715, and United States for Use and

Benefit of Magnolia Petroleum Co. v. H. R. Henderson & Co., D.C.W.D. Ark., 126 F.Supp. 626, 637; see also authorities collected in last cited case."

The material portions of the Texas Statute, Art. 5160, par. A, has been taken from the Miller Act.

The fourth point is overruled. The judgment is affirmed.