STANDARD ACCIDENT INSURANCE
COMPANY OF DETROIT et
al., Appellants,

v.

SMITH PERRY ELECTRIC COMPANY,
Appellee.

No. 3812.

Court of Civil Appeals of Texas.

Eastland.

Oct. 11, 1963.

Rehearing Denied Nov. 15 and Dec. 6, 1963.

Turner, Rodgers, Winn, Scurlock &
Terry, Dallas, for appellants.

Matthews & Matthews, Dallas, for appellee.

WALTER, Justice.

Appellee's motion for rehearing is overruled. We adhere to our order reversing the judgment of the trial court and remand-

ing the case for trial. However, the opinion handed down in this case on May 24, 1963, is withdrawn and the following substituted therefor:

This is a summary judgment case. Henger Construction Company contracted with Southwestern Bell Telephone Company to make alterations and additions to a building in Wichita Falls. Standard Accident Insurance Company executed a surety bond for Henger. Southwest Electric Company was the electrical subcontractor on the job. Smith Perry Electric Company filed this suit against Standard Accident Insurance Company, Henger Construction Company and Southwest Electric Company for materials furnished Southwest Electric Company.

■ The plaintiff's and defendants' motions for summary judgment were submitted to the court on the 9th day of February, 1962. On the 19th of February, 1962, the court advised counsel that he was sustaining plaintiff's motion. The judgment was not entered until March 13, 1962. After the court had announced his decision, the Insurance Company and Henger filed "Defendant's Action Over Against Defendant, W. E. Archer." The court entered an order of severance, insofar as the defendants' action against Archer was concerned. This was proper. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200.

Henger and the Insurance Company have appealed from such judgment contending the court erred (1) in denying their motion for summary judgment (2) in granting Smith Perry Electric Company's motion for summary judgment and (3) in granting a severance.

Appellants contend the court erred in granting the summary judgment because there was a fact issue involved as to whether or not the contract and bond was intended for the benefit of appellee, whether or not appellee furnished material "under the contract", and whether or not the defeasance clause of the bond was satisfied by payment for the materials in question by Henger to Southwest Electric Company. Also, Southwest Electric executed and delivered a note to appellee. Appellants contend that such note was in full payment for the materials furnished by appellee to Southwest Electric. Appellee admits the execution and delivery of such note but denies that it was accepted in payment of the debt. Appellants contend there was a fact issue raised as to whether or not it was the intention of the parties that the note be considered as payment of the debt.

In the appellants' second amended original answer it pleaded as follows:

"Defendant, Southwest Electric Company executed and delivered to Plaintiff, Smith Perry Electric Company a promissory note in full payment for the material furnished to Southwest Electric Company by Smith Perry Electric Company on the job in question, which note said Plaintiff accepted and received in full payment for said materials furnished."

The following is copied from the appellants' affidavit in opposition to appellee's motion for summary judgment, said affidavit having been executed by J. E. Sergeant, engineer and supervisor for the Henger Construction Company. The portion of said affidavit applicable here is as follows:

"J. E. Sergeant further says that defendant Southwest Electric Company executed and delivered to plaintiff Smith Perry Electric Company a note in payment for the material furnished to Southwest Electric Company by Smith Perry Electric Company on the job in question."

In reply to Sergeant's affidavit, the appellee filed an affidavit by Mr. James A. Morrow, executive vice president and general manager of Smith Perry Electric Company.

The material portions of such affidavit are as follows:

"When I accepted for Smith-Perry Electric Company the note referred to in the Affidavit of J. E. Sergeant, I had no knowledge of this bond sued upon or any other bond.

"The main reason I accepted the note for Smith-Perry was to have written evidence of the indebtedness owing to Smith-Perry by W. E. Archer. I did not accept the note for Smith-Perry as partial payment or full payment of the indebtedness due Smith-Perry."

On the hearing of a motion for a summary judgment the court must determine whether there is any issue of fact to be tried. The court cannot weigh the evidence, determine the credibility of the witnesses or try the case on affidavits. All doubts as to the existence of a genuine issue as to a material fact must be decided against the party moving for a summary judgment. The court must accept as true all evidence of the party opposing such a motion which tends to support his contention and must give him the benefit of every reasonable inference which may be drawn therefrom. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

After applying these well established principles of law to the facts in this case, we have concluded that a material issue of fact existed relating to the acceptance of the note by appellee from Southwest Electric in payment for the materials. Valley Stockyards Company v. Kinsel, Tex. Sup., 369 S.W.2d 19; James T. Taylor and Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371.

"Intention in these situations is the important thing. The giving of a note by a debtor, or by one of several joint debtors, or the giving of a renewal note, constitutes payment and discharges the original debt or note if the parties so agree or intend. As to

whether there was a payment depends upon the intention of the parties and the facts of the particular case. Intention may be shown by circumstances, and is generally a question of fact for the jury." 32 Tex.Jur. 662.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellants were not entitled to recover, as a matter of law, based on their contentions that the appellee was not within the terms of the bond and contract and that appellant, Henger, satisfied the terms of the contract and the terms of the defeasance clause of the surety bond by making progress payments. Appellants' points relative to these two propositions are overruled.

Appellee's cross-point that the trial court erred in sustaining appellants' special exception to appellee's pleadings for attorney's fees can not be sustained. Article 2226 of Vernon's Annotated Civil Statutes authorizes a recovery of attorney's fees in certain actions. Concerning Article 2226 the court in United States Life Ins. Co. v. Hamilton, Tex.Civ.App., 238 S.W.2d 289 at page 291 said:

"Since this article is penal in nature, like other similar statutory provisions authorizing the recovery of attorney's fees in derogation of the common law, it should be strictly construed and applied."

In F. & C. Engineering Co. v. Moore, Tex. Civ.App., 300 S.W.2d 323, (Writ Ref. N.R.E.), the contractor was held liable for attorney's fees under Article 2226 but in that case the court found that the general contractor, for a valuable consideration, personally promised the materialman that it would be responsible for and guarantee payments for all materials delivered to the subcontractor. The court said "Under these circumstances, the general contractor was not a stranger to the contract, but was a primary obligor and liable for attorney's

fees " The court further held that attorney's fees were not recoverable as against the surety. In the instant case no such contract existed. That distinguishes this case from the F. & C. Engineering Company v. Moore. After considering the record and the authorities, we hold that the court did not err in sustaining said exception.

What we have said on this motion for rehearing does not affect our holding in our original opinion. The motion for rehearing is, therefore, overruled.