**H. RICHARDS OIL COMPANY, Appellant,**

v.

**W. S. LUCKIE, INC., et al., Appellees.**

No. 11293.

Court of Civil Appeals of Texas.

Austin.

May 19, 1965.

Rehearing Denied June 9, 1965.

Kuykendall & Kuykendall, F. L. Kuykendall, Austin, for appellant.

Jennings, Montgomery & Dies, Elton M. Montgomery, Graham, for appellees.

PHILLIPS, Justice.

Harry Newton, Inc. was awarded a contract by the Texas Highway Department for a construction project in Milam County, Texas. The amount involved in the contract was $982,982.27. Harry Newton, Inc. was required to execute a bond in the amount of said sum and such a bond was executed with Commonwealth Insurance Company of New York.

Later, W. S. Luckie, Inc. became a subcontractor on this project and purchased from H. Richards Oil Company gasoline and other petroleum products. As of June 7, 1962, W. S. Luckie owed H. Richards Oil Company an alleged balance of $11,181.-16.

On July 3, 1962, H. Richards Oil Company furnished Luckie, Newton, Inc. and Commonwealth sworn accounts to which were attached copies of the invoices and credit memos. These were sent by certified mail, return receipts requested.

The account was not paid and Richards brought suit against Luckie, Harry Newton, Inc. and Commonwealth. Afterwards, by amended pleadings, Newton, Individually, was made a party defendant.

Luckie did not appear and wholly defaulted.

The case was tried on its merits and the jury found in answer to the two special issues submitted that the alleged invoices and credit memos had been attached to the sworn account received by Newton, Inc., Commonwealth and Luckie; the second issue which concerned attorney's fees was withdrawn from the jury. Before this second issue was withdrawn, the parties hereto agreed that reasonable attorney's fees in such a case would be $2000.00; however, Harry Newton, individually, Harry Newton, Inc., Luckie and Commonwealth did not agree that they were liable for any such attorney's fees.

The trial court entered a judgment in favor of H. Richards Oil Company against Luckie for $14,187.46, said amount being principal with accrued interest thereon from January 1, 1963, together with $2000.00 as attorney's fees and costs; and, against Harry Newton, Inc. and Commonwealth, jointly and severally with Luckie, for $5,417.19, including attorney's fees of $2000.00, accrued interest and costs.

A take nothing judgment was rendered against Richards insofar as its suit against Newton, individually, was concerned.

While, technically, H. Richards has been designated the appellant here, all parties are actually appellants and assign error to the judgment of the trial court. Where we do not refer to the parties herein by their names we will refer to H. Richards Oil Company as appellant and to Harry Newton, Inc. and Commonweath Insurance Company as appellees.

As we sustain appellees' first three cross-points, briefed together, and must reverse and remand this case for another trial, we shall discuss these points first.

Appellees' first three cross-points assign error to the trial court in admitting appellant's request for admission to W. S. Luckie, Inc. and the answers thereto into evidence against the appellees because such admissions were hearsay as to the appellees; that these admissions were not admissible to prove liability of appellees under Article 5160 R.C.S., Vernon's Ann.Civ.St. art. 5160 and consequently there was no evidence or insufficient evidence of any liability of appellees under such statute.

■ Appellant had the burden of establishing through evidence that it was a claimant under Article 5160C [1] and further that it had fulfilled the requirements of Article 5160B [2] in that it had fulfilled its contract either by performing the work required or delivering the materials ordered; that the work performed or the materials furnished was incident to or used on, the construction project covered by the bond; that its claim remained unpaid after the expiration of sixty days from the filing of the claim.

Appellants purported to fulfill these requirements by introducing certain requests for admissions addressed to W. S. Luckie, Inc. and the answers to such requests. The appellees objected to the introduction of Luckie's admissions on the ground that they were hearsay and not binding upon or admissible against them, although as against Luckie such admissions would constitute proper evidence. The court overuled the objection.

These admissions of Luckie state, among other things, that Luckie was a subcontractor of Newton, Inc. (the prime contractor on the construction job in question) from December 1, 1961 through June 7, 1962. It is undisputed that Richards furnished petroleum products to Luckie, Inc. during such period. This, including the admissions hereinafter stated, was disputed and put in issue by appellees' general denial. That

1. The part of Art. 5160C applicable here is as follows:
"Claimant defined
"C. A claimant is defined as anyone having direct contractual relationship with the Prime Contractor, or with a subcontractor, to perform the work or a part of the work, or to furnish labor or materials or both as a part of the work as follows:"

2. The part of Art. 5160B applicable here is as follows:
"Rights of persons furnishing labor or material. Notice required

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit; provided:"

all such petroleum products furnished by Richards to Luckie during this period were used in connection with the construction of the highway project. That after allowing all credits, Luckie was still indebted to Richards in the amount of $11,181.16 for such petroleum products. That Richards requested Luckie to pay the balance of the account more than thirty days prior to the filing of this suit.

No other evidence was offered pertaining to these required elements of proof under Article 5160B.

■ It was error for the court to allow the admissions of one defendant as against all defendants where there was no showing that the defendant to whom the admissions were directed was an agent of the other defendants or had any authority to represent them. See Talbott v. Hogg, Tex.Civ.App., 298 S.W.2d 883, error dism. Also, Sanchez v. Caroland, Tex.Civ.App., 274 S.W.2d 114.

We sustain this point and reverse and remand this case for a new trial.

In view of a new trial we deem it necessary to discuss the several additional points of error raised by the parties hereto.

Appellant's two assignments of error complain of the court's construction of the notice provisions of Article 5160. Under appellant's construction of Article 5160, H. Richards Oil Company could have recovered for materials furnished Luckie from March 1, 1962 through June 7, 1962. Under the construction of said Article given by the trial court, his recovery was limited to materials delivered from May 4, 1962 through June 7, 1962.

■ Appellant maintains that Section B(a) of Article 5160 [3] is applicable as to the notices required for unpaid bills which requires a claimant as defined, among other requirements, to give the prime contractor notice within ninety days after the 10th day of the month next following each month in which labor was done or performed or material was delivered.

The trial court held that Section B(b) of Article 5160 applied. This section requires additional notices of claimants who do not have a direct contractual relationship with the prime contractor. It is undisputed that appellant H. Richards Oil Company did not have a direct contractual relationship with the appellee Harry Newton, Inc. His contractual relationship was wholly with W. J. Luckie, Inc. a subcontractor on the job.

We agree with the judgment of the trial court on this point.

Subsection (b) of Section B of Article 5160 is entitled "Additional Notices Required of Claimants Who Do Not Have a Direct Contractual Relationship With the Prime Contractor."

3. "(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.
    Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. Such statement of account shall include therein the amount of any retainage or retainages applicable to the account that have not become due by virtue of terms of the contract between the claimant and the prime contractor or between the claimant and a subcontractor. When the claim is based on a written agreement, the claimant shall have the opinion to enclose, with the sworn statement of account, as such notice a true copy of such agreement and advising completion or value of partial completion of same."

This subsection continues as follows:

"* * * *nor shall any suit be maintained* under any provision of this Act *by a claimant not having a direct contractual relationship with any prime contractor* for material furnished or labor performed under the provisions of this Act *unless such claimant has complied with those of the following additional requirements* which are applicable to the claim:" (Emphasis added)

Then follow the additional requirements of which subparagraph (1) [4] states the notice required and the time for filing same where a claimant has an agreement with a subcontractor by which payments are not to be made in full in the month next following each month in which the labor was performed or the materials were delivered or both.

Subparagraph (2), which is applicable to the case at bar, is as follows:

"Such Claimant shall have given written notice by certified or registered mail as described in the preceding subparagraph B(b) (1) to the prime contractor within thirty-six (36) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material delivered, in whole or in part, that payment therefor has not been received. A copy of the statement sent to the subcontractor shall suffice as such notice."

We hold that the abovementioned subparagraph (2) of Article 5160B(b) applies to claimants who do not have a direct contractual relationship with the prime contractor where payments due have not been received either where they have been deferred as allowed under subparagraph (1), above, or where they are due and unpaid from month to month. This is the plain wording of the statute and its provisions must be followed.

■ Appellees' fourth and fifth cross-points assign error of the trial court in allowing the application of certain credits to the appellant herein, purported to be $2,284.91, against the first portion of the Richards-Luckie open account rather than the last portion of such account so as to credit the liability, if any, of the appellees under Article 5160 because there is either no evidence or insufficient evidence to warrant or justify such application of credits. There is no need here to state whether or not the credit allowed was valid. Suffice it to say that there has been no showing by appellant as to what portion of the debt has been credited. The general rule as stated in 44 Tex.Jur.2d, Sec. 40, p. 693, is that when the debtor makes a payment without exercising his right to direct its application, the creditor may appropriate it to any debts due from the debtor he chooses. Thus he may, at his option, apply the payment to the earliest or latest obligation. Here the evidence is silent as to which portion of the debt appellant applied this credit. Where the right of the appropriation of payment has not been exercised by either debtor or creditor, the law steps in and makes the appropriation according to the equity and justice of the case. We agree that the trial court properly applied the credits under this rule.

4. "(1) If any agreements exist between the claimant and any subcontractors by which payments are not to be made in full therefor in the month next following each month in which the labor was performed or the materials were delivered or both, such claimant shall have given written notice by certified or registered mail addressed to the prime contractor at his last known business address, or at his residence, within thirty-six (36) days after the 10th day of the month next following the commencement of the delivery of materials or the performance of labor that there has been agreed upon between the claimant and such subcontractors such retention of funds. Such notice shall indicate generally the nature of such retainage."

■ Appellees' sixth cross-point assigns error to the judgment of the trial court in awarding attorney's fees to appellant because Article 2226 R.C.S., Vernon's Ann. Civ.St. art. 2226, is not available to a claimant who has no direct contractual relationship with the prime contractor from whom such attorney's fees are sought.

In support of this point, appellee relies on Standard Accident Insurance Company of Detroit v. Smith Perry Electric Company, Tex.Civ.App., 373 S.W.2d 97, application refused, n. r. e., by the Supreme Court. This refusal was accompanied by a Per Curiam opinion stating that such action is not to be taken as approving or disapproving the Court of Civil Appeals' holding with reference to attorney's fees.

We overrule appellees on this point and agree with the judgment of the trial court.

Neither Standard Accident Insurance Co., above, or F. & C. Engineering Co. v. Moore, Tex.Civ.App., 300 S.W.2d 323, writ ref., n. r. e., also cited by appellee, were cases involving Art. 5160 or a contract with the State.

Ferrier Brothers v. Brown, Tex.Civ.App., 362 S.W.2d 181, writ. ref., n. r. e., allows attorney's fees in a situation such as the case at bar where suit was brought against the prime contractor and his surety under Article 5160.

Inasmuch as $2000.00 was stipulated to be a reasonable attorney's fee, should such a fee be recoverable, we find no error in the court's judgment in this respect.

■ Appellees' cross-points seven through eleven complain further of the court's allowance of attorney's fees in this case. They maintain that the amount was excessive, that the court abused its discretion therein, that there was no evidence or insufficient evidence to sustain the award and that since appellees had tendered the amount finally recovered, no attorney's fees should have been allowed.

We overrule these points.

With respect to a prior tender of the amount recovered, there was no pleading to this effect. The alleged tender did not include interest or attorney's fees. The rule as to tender is stated in 55 Tex.Jur.2d, page 220, Sec. 9:

"To constitute an effectual tender, the amount offered by the debtor to his creditor must be at least equal to the whole amount then due or accrued on the debt or obligation. A tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender. It must include interest due, costs then due or accrued, and attorney's fees to which the creditor has become entitled by force of the agreement of the parties, as by commencement of suit or otherwise. * * *"

■ By their cross-points twelve and thirteen, appellees complain of the court's judgment in awarding interest to appellants on the amount recovered and in allowing the recovery of court costs by appellants against appellees.

We overrule these points.

With respect to interest, the Court, in Ferrier Brothers, above, cited with approval United States for Use and Benefit of Caldwell Foundry & Machine Company v. Texas Construction Company, 5 Cir., 237 F.2d 705, which allowed attorney's fees and interest in a case under the Miller Act, 40 U.S.C.A. §§ 270a–270d. The Court of Civil Appeals then stated that the material portions of Art. 5160, par. A, has been taken from the Miller Act.

The trial court assessed the costs jointly and severally against all defendants. A judgment was rendered against them although for an amount less than appellant sought. To this extent appellant was successful. See Rule 131, Texas Rules of Civ-

il Procedure. This is a matter within the discretion of the trial court. Rubin v. Adams, Tex.Civ.App., 368 S.W.2d 42, writ ref., n. r. e.

The judgment of the trial court is reversed and remanded for a new trial in accordance with this opinion.

Reversed and remanded.

HUGHES, Justice (dissenting).

Appellees' seventh point reads:

"The trial court erred in allowing attorneys' fees against the Appellees in this case even though Article 2226 might generally be available to claimants of a subcontractor as against a prime contractor and its surety because the demands of Richards were excessive and the Appellees tendered the amounts of inchoate liability."

Under this point appellees state:

"The trial court judicially knew as does this honorable court know that before this suit was filed and after the suit was filed, but before the venue hearing, the Appellees tendered money to Richards in satisfaction of all inchoate liability as predicated against them under Article 5160."

Unless the materials furnished by appellant to the subcontractor, W. S. Luckie, Inc., were actually used on the highway project on which appellees were prime contractor and Surety, respectively, they were not liable for any of such materials so furnished under the provisions of Art. 5160, Vernon's Ann.Tex.Civ.St. In my opinion, the admission of liability by appellees, above recited, is an admission that the materials furnished by appellant were used on such highway project, and that this case should not be reversed to prove an admitted fact.

I respectfully dissent from the order of reversal. I would affirm the judgment.