NEW AMSTERDAM CASUALTY COM-
PANY et al., Appellants,

v.

TEXAS INDUSTRIES, INC. and such cor-
poration doing business as Texcrete Struc-
tural Products Company, Appellee.

No. 11451.

Court of Civil Appeals of Texas.

Austin.

Nov. 16, 1966.

Rehearing Denied Dec. 7, 1966.

Brundidge, Fountain, Elliott & Churchill, L. E. Elliott, Dallas, for appellants.

DeVore, Ashworth & McGahey, Philip C. McGahey, Jr., Arlington, for appellee.

HUGHES, Justice.

The problems involved in this case are whether attorney's fees are recoverable in a suit brought to recover on a bond executed pursuant to Art. 5160, Vernon's Ann.Tex. Civ.St., and if so what legal services may be considered in determining such fee and whether the fee allowed in this case was established as a matter of law, this being a summary judgment proceeding.

Appellee, Texas Industries Inc., also doing business as Texcrete Structural Products Company, as a subcontractor, sued Clarence H. Everett and Company, Inc., as general contractor and its surety, New Amsterdam Casualty Company, to recover a balance of $182,919.44 due for material furnished and labor performed under its subcontracts and for $36,500.00 as attorney's fees.

Appellee moved for summary judgment. Appellants did not resist the recovery of the principal amount, and interest thereon, sued for, but it did contend that no attorney's fees were recoverable, that an improper basis was used in fixing such fees, and in no event could they be established as a matter of law by affidavits containing opinion evidence of the reasonableness of a fee.

It is conceded by the parties that the bond given by Amsterdam and sued on herein was a Payment Bond executed pursuant to the provisions of Art. 5160, known as the McGregor Act. This Act does not provide for the recovery of attorney's fees in suits brought on the bonds required by its provisions.

Amsterdam's denial of liability for attorney's fees is based on the absence of provision therefor in Art. 5160 and the principles of law stated in Mundy v. Knutson Construction Company, 156 Tex. 211, 294 S.W.2d 371, and National Union Fire Insurance Company v. Southwestern Greyhound Lines, Inc., 322 S.W.2d 61, Tex.Civ. App., Fort Worth, writ ref., n. r. e.

We will not discuss these cases for the reason that it has been authoritatively established that attorney's fees are recoverable in suits against sureties on bonds given pursuant to Art. 5160, per force Art. 2226, V.T.C.S.[1] H. Richards Oil Company v. W. S. Luckie, Inc., 391 S.W.2d 135, Tex. Civ.App., Austin, writ ref., n. r. e., and authorities therein cited; Yates v. Industrial Steel Products Company, Tex.Civ.App., Texarkana, 399 S.W.2d 892, n. w. h.

Appellants contend that if attorney's fees are recoverable in this suit under Art. 2226, as held in the above cited cases, then since such Article provides that a person having a "valid claim" of the type specified may recover reasonable attorney's fees under the conditions stated, no consideration should be given to the work of the attorneys in perfecting such claim to make it a "valid claim" in the fixing of reasonable attorney's fees.

---

1. "Art. 2226. [2178–9] Attorney's fees

Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, over-charges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

Specifically, it is contended here that in fixing a reasonable attorney's fee no account should be taken of the work, time and skill involved in examining the accounts of the subcontractor and preparing and presenting claims therefor and notices to the general contractor and his surety in the manner and within the times required by Art. 5160. In short, appellants say that attorney's fees under Art. 2226 can only be recovered for "prosecution of a suit to recover the amount of a valid claim."

It is our opinion that this is too narrow a view to be taken of Art. 2226.

The statute does not limit the allowance of attorney's fees to those earned in prosecuting the suit. It permits the recovery of reasonable attorney's fee if a claimant is represented by counsel and final judgment is obtained for any portion of a valid claim. The distinction is thus made between a valid claim and the judgment obtained on it.

■ We believe that appellee had a valid claim for labor and materials furnished when they were furnished, but the perfection of these claims for the purpose of fixing legal liability on the general contractor and his surety, as required by Art. 5160, was essential to the successful prosecution of these claims to final judgment. No one would deny that compliance with Art. 5160 with regard to giving the notices it requires calls for the services of an attorney. These services here were performed by the attorney who represented appellee in obtaining final judgment on these claims. We hold that these services, being not only incidental but essential to the obtaining of final judgment by appellee on its claims, were entitled to be considered in fixing reasonable attorney's fees under Art. 2226.

Appellants contend that there was no presentation of claim as required by Art. 2226 as a prerequisite to the recovery of attorney's fees.

This contention is based upon the record showing notices as presentation of claims

under Art. 5160 but not specifically under Art. 2226.

■ There is no contention that either the substance of the notice or presentation of the claims was deficient under either Art. 5160 or Art. 2226. It is pointed out that under Art. 5160 suit cannot be brought until sixty days after notice but that under Art. 2226 payment must be made within 30 days after presentation of claim to avoid attorney's fees. Appellants say that to hold that one notice suffices for the notices required by both statutes would bring them into conflict. We fail to appreciate this logic. The statutes relate to different matters, although they both require similar notices. If the notice given is sufficient under each statute, it must be sufficient under both statutes. We overrule this contention.

Appellants' last point is that the court erred in holding that $19,773.62 was, as a matter of law, a reasonable attorney's fee which the court could award in a summary judgment proceeding.

We sustain this point.

Details of the legal services rendered for appellee were given by its counsel.

One attorney testified that, in his opinion, a reasonable fee for the services rendered would be $41,200.00 Another attorney testified that such fee, in his opinion, would be $35,000.00.

The trial court, declining to give effect to either of these opinions, fixed the fee at $19,773.62.

■ What is a reasonable attorney fee is a question of fact to be determined by the trier of the facts, and expert opinion of witnesses is not conclusive. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155; Weatherly v. Longoria, 292 S.W.2d 139, Tex.Civ.App., San Antonio, writ ref., n. r. e.; Lee v. Howard Broadcasting Corporation, 305 S.W.2d 629, Tex.Civ.App., Houston, n. w. h

**736**

If this was not a summary judgment proceeding but was a trial to the court, the action of the trial court in fixing a reasonable attorney's fee could be sustained, but the law is that "cases dealing with the fixing of attorney's fees by the trial judge when acting as the trier of fact have no application to summary judgment proceeding." Himes v. American Home Fence Co., (Sup.Court) 379 S.W.2d 290. This case is also authority for our holding that the reasonableness of an attorney's fee presents an issue of fact. See also Great American Reserve Insurance Company v. Britton, 406 S.W.2d 901, Tex.Sup.

Opposed to this holding, appellee cites Leal v. Leal, 401 S.W.2d 293, Tex.Civ.App., San Antonio, n. w. h. (1966); Hatley v. Hatcher, 376 S.W.2d 943, Tex.Civ.App., Dallas, n. w. h.; Akins v. Coffee, 376 S.W.2d 953, Tex.Civ.App., Dallas, writ dismissed.

Hatley was a non-jury trial, not a summary judgment proceeding. It is not in point.

Akins was a summary judgment based on a sworn account. The Court of Civil Appeals held attorney's fees were recoverable even though *no* evidence, including opinion evidence, was before the trial court regarding attorney's fees.

Leal, a summary judgment case, holds that a reasonable attorney's fee may be fixed by the trial court in accordance with an uncontested affidavit stating that a certain fee is reasonable.

It is our opinion that Hatley and Leal are not consonant with the rulings of the Supreme Court, shown above, which we are required to follow, and with which we are in complete agreement.

The judgment of the trial court is reversed and this cause is remanded for the sole purpose of factually determining the amount of reasonable attorney's fees to be allowed appellee.

Reversed and Remanded With Instructions.