**REYNOLDS RESEARCH AND MANUFAC-TURING COMPANY, a Corporation, Appellant,**

v.

**Pete Thomas SCAMARDO et al., Appellees.**

**No. 4522.**

Court of Civil Appeals of Texas.

Waco.

Feb. 2, 1967.

Rankin, Kern & Martinez, R. H. Kern, Jr., McAllen, for appellant.

W. C. Davis, Bryan, for appellees.

## OPINION

WILSON, Justice.

Appellant sued appellees for debt, alleging the parties had executed a written contract and an amendment thereto by which appellant was to move dirt and level the surface of appellees' land, and for which appellees were to pay a specified sum. The suit was to recover the balance alleged to be due under the contract and its amendment, and for $377.50, alleged to be the reasonable value of certain additional work.

Appellees answered with a cross-action alleging that the contract required appellant to level and finish their land according to Soil Conservation Service standards to prepare it for cultivation and irrigation, and provide drainage, which appellant failed to do; and that the work was not completed within the time specified in the contract. Appellees alleged in their cross-action that they failed to produce 53 bales of cotton which they would have harvested if appellant had performed the work according to contract. They prayed for damages for loss of profits.

Appellant replied that appellees were responsible for its failure to perform its obligations on time, and in the alternative that "there was a substantial performance and compliance by it." It sought judgment in quantum meruit, averring that improper drainage was the result of engineering or design-standard defects, and that it had done the work in accordance with the specifications in the standards furnished by appellees. The entire pleading was verified, as was appellees' answer and cross-action.

In a non-jury trial judgment was rendered that appellant recover $6,510.47 as "the value of services performed under the contracts in this suit," and attorney's fees; that appellant was denied recovery of $377.50 for additional services; and that appellees recover $1,560.47 on their cross-action, credited on and offset against appellant's recovery. Findings of fact were to the effect that appellant "performed the contract in a defective manner" and did not complete it within the required time; that the reasonable value of the work done was $6,510.47; that appellees' damages were in the amount assessed; and that the $377.50 claimed for extra work "was paid and released" as "recited in the amendment to the original contract."

Appellant says there is no pleading or evidence to authorize the latter finding that the extra-work claim had been released. Appellees affirmatively pleaded the terms of the amendment to the original contract which recited that a certain portion of the contract had been completed, and that the owners agreed to pay an amount which differed from that specified in the original agreement, "which represents the total amount to be paid" to the contractor "for the work pertaining to" the land described. At that time the evidence shows the extra work had already been completed. This pleading and evidence adequately supports the finding.

It is contended that there was no pleading to authorize recovery of lost profits. As we understand appellant's argument, the complaint is that the pleading did not "inform appellant or the court of the cost of production and delivery." Appellant filed a special exception that the pleading did not itemize costs and expenses, but it did not present the exception or obtain an order thereon. It was therefore waived, and the point may not be first raised on appeal. Rule 90, Texas Rules of Civil Procedure; Texas Osage Co-op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, writ. ref.

The trial court found $750 to be a reasonable attorney's fee, and allowed its recovery in the judgment. Appellant complains the fee is inadequate under the evidence. The only support for recovery of any fee whatever is a stipulation that a named witness, if present, would testify that, in his opinion, based on examination of the file, informa-

tion furnished by appellant's counsel, and an estimate of two days in trial, a reasonable attorney's fee would be "at least a thousand dollars." The trial required four days. Appellant asks us to take judicial notice that the fee should be not less than twice the amount allowed.

■ It is the province of the trier of facts to determine the reasonable value of an attorney's services, and opinion evidence is not conclusive. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 160, 161; New Amsterdam Cas. Co. v. Texas Industries, Inc., Tex.Civ.App., 408 S.W.2d 733, 735.

■ The Supreme Court has held that the amount of a reasonable attorney's fee may not be adjudicated on judicial knowledge. Great American Reserve Insurance Co. v. Britton, (Tex.Sup.1966), 406 S.W. 2d 901, 907.

We have examined appellant's other points, including those asserting insufficiency of evidence. They are overruled.

Affirmed.