Doyle **BROWN** d/b/a K & B Air Specialists, Appellant,

v.

**DE LA GARZA SERVICE CENTER, INC., Appellee.**

No. 5964.

Court of Civil Appeals of Texas, Waco.

Dec. 21, 1978.

J. Ken Nunley, Cluck, Dodson, Harpole & Nunley, Uvalde, for appellant.

Rogelio F. Munoz, Uvalde, for appellee.

HALL, Justice.

Plaintiff De La Garza Service Center, Inc., brought this suit against defendant Doyle Brown d/b/a K & B Air Specialists to recover $5,500.00 alleged to be the balance due to plaintiff on a written contract between the parties under which plaintiff agreed to furnish the materials and labor for installation of the heating, air conditioning, and ventilation systems in the U.S. Post Office Building in the City of Pearsall, Texas. Plaintiff also pleaded for $2,000.00 attorney's fees under the provisions of Article 2226, Vernon's Tex.Civ.St. After a trial before the court without a jury, judgment was rendered awarding plaintiff $4,999.15 under the contract and $1,666.38 attorney's fees. Defendant appeals.

In support of its judgment the court filed formal findings of fact and conclusions of law, including these findings:

3. Plaintiff completed the work required of it and properly performed what was required of it under the contract.

4. Defendant still owes plaintiff $4,999.15 under the contract.

6. This is a suit for services rendered, labor done and materials furnished.

7. $1,666.38 is a reasonable fee for the services rendered by plaintiff's attorney.

In his first two points of error, defendant asserts the evidence is factually insufficient to support the finding that plaintiff "properly performed what was required of it under the contract," and that the evidence is legally insufficient to support the finding that defendant owes plaintiff $4,999.15 under the contract. Defendant bases both complaints upon the premise that plaintiff breached the contract by failing to timely complete its work. We overrule those contentions.

The primary contractor for the construction of the post office building was Surveyor Construction. Defendant was Surveyor's subcontractor for the plumbing, electrical, and air conditioning work. In turn, defendant sublet some of that work to other contractors, including plaintiff. Plaintiff contracted with defendant to completely install the air conditioning, heating, and ventilation systems in the building and furnish the materials and labor for doing so for the total price $21,795.00. It is undisputed that plaintiff completed its work under the contract and that, after all offsets and credits claimed by defendant, plaintiff has not been paid $4,999.15 of the contract price by defendant.

Plaintiff's contract with defendant was dated February 6, 1973. It did not specify a date for completion of the work. After the construction of the post office was completed, Surveyor Construction "backcharged" defendant with $8,224.56 asserting that defendant's failure to meet the completion date in his contract with Surveyor cost Surveyor that amount in interim financing. Defendant did not contest the backcharge,

nor the retainage that was kept by Surveyor to pay it. However, it was defendant's theory and defense in our case that plaintiff caused the completion delay and the resulting backcharge by Surveyor by failing to meet the final inspection on the project by federal inspectors in August, 1973. There is evidence in the record supporting that defense. There is also evidence favoring plaintiff's case that the inspection in August was not the final inspection but was an inspection at which the subcontractors were given lists by the inspectors of things remaining to be done or redone for final approval, that the final inspection was on September 28, 1973, that plaintiff completed its work several weeks ahead of that date, that plaintiff's representative was present at the final inspection and was congratulated by the inspector and was told that plaintiff "had done a very good job," and that plaintiff has not since heard from anyone concerning its work on the project.

It would serve no useful purpose for us to weight this opinion with the details of the evidence supporting the positions of the parties on the trial. As trier of the facts, it was the trial judge's prerogative and duty to consider all the evidence, ferret out what he believed to be its most credible parts, and resolve the fact questions accordingly. He chose to accept the proof supporting plaintiff's position. After reviewing the entire record, we hold the evidence is both legally and factually sufficient to support the questioned findings that plaintiff properly performed its contractual duties and that defendant owes plaintiff $4,999.15 under the contract.

In his remaining points of error, defendant asserts the evidence is legally and factually insufficient to support the finding and award of $1,666.38 as reasonable attorney's fees. We hold there is no evidence to support the award.

Article 2226, Vernon's Tex.Civ.St., provides that in connection with a suit for services rendered, labor done, or materials furnished, the claimant may also recover reasonable attorney's fees. Plaintiff sued for attorney's fees under that statute, and pleaded that a reasonable fee would be "the sum of at least $2,000.00." On the trial plaintiff's representative testified that plaintiff had contracted to pay its attorney a fee equal to one-third of its recovery against defendant. The award in question was based on that testimony. There was no other proof relating to the amount that should be awarded as attorney's fees. Specifically, there was no evidence that one-third of the amount recovered by plaintiff would be a reasonable fee for the services rendered by plaintiff's attorney.

 Plaintiff argues that because his claim for attorney's fees fell within the provisions of Article 2226, the court could "take judicial notice of the reasonableness of the attorney's fee." In support of that proposition plaintiff cites rulings in several cases which were based upon provisions then in Article 2226 permitting courts in non-jury cases to take judicial knowledge of the State Bar Minimum Fee Schedule and of the contents of the case file "in determining the amount of attorney's fees without the necessity of hearing further evidence."[1] Our case was tried in February, 1978, after those provisions had been deleted from the statute. See, Acts 1977, 65th Leg., p. 153, ch. 76, § 1, eff. Aug. 29, 1977. Accordingly, the amount of reasonable attorney's fees could not be adjudicated on judicial knowledge, and it was plaintiff's duty to establish the claim by competent evidence. *Great American Reserve Insurance Company v. Britton*, 406 S.W.2d 901, 907 (Tex.Sup.1966); *Reynolds Research & Manufacturing Co. v. Scamardo*, 412 S.W.2d 941, 943 (Tex.Civ.App.—Waco 1967, no writ).

The award of attorney's fees is set aside. The remainder of the judgment is affirmed. The issue of attorney's fees is severed and is remanded for trial. Rule 434, Vernon's Tex.Rules Civ.Proc.; *Great American Reserve Insurance v. Britton*, supra.

Costs of this appeal are taxed 75% against defendant and 25% against plaintiff.

1. See Acts 1971, 62nd Leg., p. 1073, ch. 225, § 1, eff. May 17, 1971.