**NEW AMSTERDAM CASUALTY COMPANY**

v.

**TEXAS INDUSTRIES, INC., d/b/a Texcrete Structural Products Co.**

No. B–20.

Supreme Court of Texas.

April 26, 1967.

Rehearing Denied May 31, 1967.

Judgment of Court of Civil Appeals reversed and judgment rendered.

Brundridge, Fountain, Elliott & Churchill, L. E. Elliott, Dallas, for petitioner.

DeVore, Ashworth & McGahey, Philip C. McGahey, Arlington, for respondent.

STEAKLEY, Justice.

This is a summary judgment proceeding. Respondent furnished materials used by the contractor in the construction of certain public works at Love Field Airport of the City of Dallas. Its claim therefor being unpaid, Respondent sued Clarence H. Everett & Co. Inc., the contractor to whom the materials were furnished, and Petitioner, the surety for the contractor on the payment bond executed pursuant to Article 5160,[1] commonly known as the McGregor Act. The trial court entered a joint and several summary judgment against the contractor and surety for the principal sum of $182,919.41, for interest at six per cent per annum on the principal sum, and for attorney's fees in the sum of $19,773.62. The payment bond contained no provision for

---

I. All statutory references are as carried in Vernon's Associated Texas Civil Statutes.

attorney's fees in event of suit and this appeal is limited to the judgment item awarding attorney's fees against Petitioner as surety on the bond. The Court of Civil Appeals upheld the recoverability of attorney's fees against the surety but reversed the judgment of the trial court and remanded the cause for the sole purpose of factually determining the amount of reasonable attorney's fees to be allowed Respondent. 408 S.W.2d 733. We hold that attorney's fees are not recoverable against Petitioner as the surety on the payment bond.

■ In Mundy v. Knutson Construction Co., 156 Tex. 211, 294 S.W.2d 371 (1956) we reaffirmed the rule previously recognized as settled law in Wm. Cameron & Co. Inc. v. American Surety Co., 55 S.W. 2d 1032 (Tex.Com.App.1932) that attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties. See also Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. Sup.1962), and cases there cited, stating the rule that statutory provisions for the recovery of attorney's fees are in derogation of the common law, are penal in nature and must be strictly construed. In *Mundy* we found the requisite contractual provision in the broad language of a surety bond requiring the payment of "all costs and expenses" which might be incurred in the prosecution of a suit for a breach of the construction contract or on the surety bond itself. But no comparable provision is contained in the payment bond upon which this suit is based,[2] and it is not contended by Respondent that authority for recovery of attorney's fees may be found in the contract between the parties.

The McGregor Act itself, Article 5160, does not provide for the recovery of attorney's fees in event of suit against the principal and surety on the payment bond. This is in contrast to explicit provisions for the recovery of attorney's fees in the somewhat related lien bond statutes, Articles 5472b–1, 5472c, 4a and Article 5472d, subd. 6. Moreover, the bond required by Article 5160 is to be "in the amount of the contract" and the suit authorized by the statute is "for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit."[3] So, as Respondent recognizes in its brief, the question resolves to whether attorney's fees are recoverable against the surety un-

---

2. "The condition of this obligation such that: Whereas, the principal entered into a certain contract with the City of Dallas, dated the *20th* day of *April, 1964*, a copy of which is hereto attached and made a part hereof, for the construction of parking structure at Love Field Airport in the City of Dallas, Dallas County, Texas in accordance with the plans, specifications and bid which are made a part hereof as though fully written herein word for word.

Now, therefore, if the principal shall well, truly and faithfully perform its duties and make prompt payment to all persons, firms, subcontractors, corporations and claimants supplying labor and material in the prosecution of the work provided for in said contract, and any and all duly authorized modification of said contract that may hereafter be made, notice of which modification to the surety is hereby expressly waived, then this obligation shall be void; otherwise to remain in full force and effect."

3. Article 5160.

"A. * * * (b) A Payment Bond, in the amount of the contract, solely for the protection of all claimants supplying labor and material as hereinafter defined, in the prosecution of the work provided for in said contract, for the use of each such claimant.

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit; * * *."

der the general attorney's fees statute, Article 2226, which provides:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, * * * may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

Under the limited coverage of its provisions, Article 2226 has no application to the claim of an unpaid materialman against the surety on an Article 5160 payment bond. The claim and ensuing suit are grounded entirely on the surety obligation. The material was furnished not to the surety but to the contractor-principal. Cf. F. & C. Engineering Co. v. Moore, 300 S.W.2d 323 (Tex.Civ.App.1957), error ref. n. r. e.; Mercantile National Bank at Dallas v. McCullough Tool Co., 250 S.W.2d 870, 878 (Tex.Civ.App.1952), rev'd other grounds 152 Tex. 471, 259 S.W.2d 724 (1953); Standard Accident Ins. Co. of Detroit v. Smith Perry Elec. Co., 373 S.W.2d 97 (Tex.Civ.App.1963), error ref. n. r. e. with per curiam opinion, 376 S.W.2d 335 (Tex.Sup.1964). Respondent forcefully argues that Article 2226 can be extended by implication to include the claim against the surety by reading this statute with Article 5160 which was enacted for the purpose of guaranteeing full and prompt payment to labor and material claimants on public works projects. But we cannot thus supply by implication the necessary statutory basis for an award of attorney's fees. Such must be found in the terms of the legislative enactment.

The judgment of the Court of Civil Appeals is reversed and judgment is rendered for Petitioner.