William R. BEACH, Sr., Appellant,

v.

The AMERICAN NATIONAL BANK OF AMARILLO, Appellee.

No. 8889.

Court of Civil Appeals of Texas, Amarillo.

April 10, 1978.

Jay U. Kirkman, Amarillo, for appellant.

Culton, Morgan, Britain & White, Pat Long, Amarillo, for appellee.

REYNOLDS, Justice.

The American National Bank of Amarillo instituted this suit to recover from William R. Beach, Sr., the charges on his BankAmericard in the sum of $289.54 and reasonable attorney's fees. Beach cross-actioned for $4,999 actual and exemplary damages alleged to have resulted from unreasonable collection efforts and for a reasonable attorney's fee. A jury's verdict is the basis of a judgment decreeing that the bank recover its claim of $289.54 together with $1,152 as reasonable attorney's fees in this cause, and that Beach take nothing by his cross-action.

Beach has limited his appeal to the propriety of the award for attorney's fees, particularly as it includes representation in the defense of the cross-action. Reversed and remanded.

As a matter of law, attorney's fees are not recoverable in tort or contract actions unless provided for by statute or by contract between the parties. *New Amsterdam Casualty Company v. Texas Industries, Inc.,* 414 S.W.2d 914, 915 (Tex.1967). The bank does not contend that its recovery for attorney's fees is authorized by any statute; rather, the bank asserts entitlement to attorney's fees under the BankAmericard agreement. That agreement is that Beach will pay to the bank ". . . all obligations representing credit extended hereunder . . . and a reasonable attorney fee as set by a court *in the event of suit under this agreement.*" (Emphasis supplied.)

As phrased, the agreement makes Beach liable for an attorney's fee reasonably incurred in a court action to enforce his obligation to pay for credit extended. It does not otherwise impose any liability for an attorney's fee.

Here, however, the award of $1,152 for the attorney's fee stems from evidence that the attorney's time was spent representing the bank in both the main action and the cross-action. Unallocated by the testimony to either action is evidence of a total of 18.8

hours spent at the pleaded $40 per hour, which computes to $752.

The subject matter of the main action is the debt owed the bank, an action for which Beach contractually obligated himself to pay a reasonable attorney's fee; the subject matter of the cross-action is not the debt itself, but the manner of the bank's attempted collection, the defense of which is not chargeable to Beach under the contract. Notwithstanding, the court asked the jury, over Beach's objection, to fix the amount of "a reasonable attorneys' fee for the work expended in this cause by the attorneys representing" the bank. The jury answered "$1152.00."

The submission erroneously authorized the jury to, and obviously it did, consider the attorney's work expended in defending the cross-action, which is unrelated to the contractual obligation for an attorney's fee and for which Beach did not contractually incur an obligation. Beyond that, the jury's answer is an amount greater than the evidence of the total fee for both actions.

Accordingly, the portion of the judgment awarding attorney's fees is reversed, and that portion of the cause is remanded to the trial court.