Thomas Walker EPPERSON, Independent Executor of the Estate of Jane Greer Epperson, Deceased,

v.

James Leo GREER, Jr., Individually and as Independent Executor and Substitute Trustee Under the Will and of the Estate of Ida J. Greer, Deceased.

No. 16672.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

Cluck & Croman, San Antonio, for appellant.

Craig Porter, Wm. Greendyke, San Angelo, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

BUTTS, Justice.

Thomas Walker Epperson, independent executor of the estate of Jane Greer Epperson, deceased has appealed from only that part of the judgment in this case which denies recovery of attorney's fees in the sum of sixty thousand dollars ($60,000) as a surcharge against the trustee, James Leo Greer, Jr., appellee, in his individual capacity as independent executor and substitute trustee under the will and of the estate of Ida J. Greer, deceased. We affirm the judgment of the trial court which denied attorney's fees.

A narration of the facts leading to this appeal will pose the question before this court. On January 25, 1953, Ida J. Greer died testate, and the terms of her will established a testamentary trust. She devised her 9,352.6 acres of ranchlands to her son, J. L. Greer, Sr., as trustee, to be held for the benefit of himself and his wife for their lifetimes, and thereafter for the benefit of their children, Jane Greer Epperson and James Leo Greer, Jr., appellee herein, for their lives with remainder to their children.

Jane Greer Epperson, who initiated this cause of action died before the judgment was entered. She initially filed two suits, the first being for partition of the trust corpus, which consisted of real and personal property, and for an accounting. The second suit, brought by her individually and as a beneficiary of the trust, requested partition of the real property, construction of her grandmother's will, an accounting, and removal of her brother, the appellee, as trustee. The appellee had replaced his father as successor trustee when the senior Greer died in 1975. The senior Mrs. Greer had predeceased her husband.

The trial court consolidated the two causes. Shortly after trial to a jury had begun, the parties settled the case and negotiated an agreed judgment which disposed of all matters in controversy except attorney's fees owed by Epperson. It was after this time but before entry of the judgment that Jane Greer Epperson died. Her husband, Thomas Walker Epperson, independent executor of her estate, became appellant herein. The trial court, in the meantime, heard evidence on this appeal's single issue and denied attorney's fees "as a matter of law."

Appellant contends that where a suit is brought by the beneficiary to remove the trustee, to protect and preserve the corpus, and to declare the rights of the beneficiaries, all because of the wrongful conduct or negligence of the trustee, attorney's fees incurred in prosecuting the litigation may be assessed or *surcharged* (emphasis supplied) against the trustee in his individual capacity. He sets out two related sub-points: 1) That the trial court erred in holding, as a matter of law, that appellant is not entitled to a judgment against the trustee individually for attorney's fees incurred for the reason that such attorney's fees may properly be assessed or surcharged; and, 2) That the trial court abused its discretion in not surcharging the trustee, individually, and awarding attorney's fees because of the nature and extent of the breaches of fiduciary duty by the trustee, appellee Greer.

█ We will address the second subpoint. At issue in the consolidated trials was whether the trustee had acted in good faith and without malice in his administration of the ranchland trust. The record shows that the parties entered into an agreed judgment which partitioned the real property by dividing the estate into two sub-trusts, and settled all monetary disputes. No finding of or reference to self-dealing or lack of good faith in any action by appellee appears in the judgment, which was reduced to writing and entered after the trial for attorney's fees. The consent judgment plainly dispensed with those grounds and settled the controversy between the trustee and beneficiaries by partition of the land, accounting, and payment of monies by the trustee. Tex.R.Civ.P. 301; 33 Tex.Jur.2d *Judgments* §§ 106, 108 (1962).

The pleadings, as well as argument on appeal, however, indicate that malfeasance or negligence on the part of the trustee is the sole basis for the award of attorney's fees and, further, that the trial judge did hear evidence concerning management of the trust. Even if this court assumes that an award of attorney's fees could have been made by the trial court, we hold that there was no abuse of discretion in their denial, for there is no evidence of wrongful conduct to support such an award.

However, this court will not agree that such an award would be proper in Texas. We now address the first sub-point. Did the trial court err in not surcharging the trustee, individually, for attorney's fees as a matter of law?

A surcharge is commonly understood in trust law to be a penalty which may be taxed against the trustee to compensate the trust corpus and its beneficiaries for loss caused by the fiduciary's want of due care. Bogert, *Trusts and Trustees*, 2d Ed. § 862 (1962). The power of the court is codified in the Tex.Rev.Civ.Stat.Ann. art. 7425b–24, Texas Trust Act. Section A provides:

> The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, responsibilities, duties, and liability of trustee; the existence or non-existence of facts affecting the administration of the trust estate; to require accounting by trustee; *and to surcharge trustee.* (Emphasis added.)

We must determine whether the trial court erred by not awarding attorney's fees as a surcharge against the trustee, appellee herein, individually. The general rule in Texas is that attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or a contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex. 1967). Such statutory provisions allowing for collection of attorney's fees are in derogation of the common law and must be subject to strict construction. *New Amsterdam Casualty Co. v. Texas Industries, Inc., supra*, at 915. *Michaux v. Koebig*, 555 S.W.2d 171, 175 (Tex.Civ.App.—Austin 1977, no writ). The necessary statutory basis for an award of attorney's fees may not be supplied by implication but can be found only in express terms of the statute in question. *New Amsterdam Casualty Co. v. Texas Industries, Inc., supra*, at 916, *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 804 (Tex.1975), construing Tex. Prob.Code Ann. § 352, and Tex.Rev.Civ. Stat.Ann. art. 2226.

While the appellant asserts that article 7425b–24, (A) of the Trust Act, *supra*, vests the trial court with the power to tax attorney's fees against the trustee as a surcharge under the facts of this case, he brings forward no authorities to sustain the assertion. We note that the judgment provides that all costs and expenses incident to the trust suit be paid from the accounts of the estate trust by the trustee Greer, Jr., prior to the division of the estate into the Epperson sub-trust and the Greer sub-trust. Further, the judgment declares that the parties have agreed that the matters specifically adjudicated will not be appealed from, with the exception of that portion of the judgment which denies Epperson recovery against Greer, Jr., individually, for attorney's fees. It is clear that the attorney's fees owed by appellant to his attorneys are excluded by the terms of the judgment as not being "costs and expenses incident to the trust suit."

The Trust Act states simply that the district court shall have the power "to surcharge trustee." It is these statutory words upon which appellant predicates his claim for attorney's fees. In *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795 (Tex.1975) petitioners argued they were entitled to attorney's fees from the executors of an estate as a surcharge for damages suffered by the estate. Petitioners relied upon Tex.Prob.Code Ann. § 352, which provides, in part:

> " * * * All costs of the sale, protest, and suit, if found necessary, shall be adjudged against the representative."

This remedy is available when the personal representative of an estate wrongfully becomes the purchaser of property of the estate, sold by himself, thereby necessitating legal action by persons interested in the estate. In that case the suit was determined to be necessary. The Supreme Court construed § 352 of the Probate Code. Petitioners argued that the Texas Legislature contemplated reasonable attorney's fees for all services in rescinding the sale as a major item of the "costs of protest." The Supreme Court, however, did not agree and said at 803–804.

> "Whatever the phrase 'costs of the protest' in Section 352 may include, it cannot be said to constitute an express legislative provision for the assessment of attor-

neys' fees * * * * ; the most that can be said is that it may be held to do so by implication. But an allowance of attorneys' fees in the absence of explicit legislative provision, whether under Section 352, or as damages against the executors, would run counter to the rule repeatedly reaffirmed by this Court that attorneys' fees are not recoverable either in an action in tort or a suit upon a contract unless expressly provided by statute or by contract between the parties. *See New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914 (1967), and the cases there cited. * * * * [t]he necessary statutory basis for an award of attorneys' fees may not be supplied by implication but can be found only in express terms of the statute in question. Statutory provisions for the recovery of attorneys' fees are in derogation of the common law, are penal in nature and must be strictly construed." (Citations omitted.)

In the instant case the phrase "to surcharge trustee" in the Trust Act is not as precise in meaning as that of the Probate Code, "All costs of the sale, protest, and suit, if found necessary, shall be adjudged against the representative." Appellant is asking this Court to rule that the necessary statutory basis for attorney's fees is expressly provided by art. 7425b–24, § A, or, in the alternative, that it is supplied by implication.

The petitioners in *Knebel* acted to set aside a wrongful sale by the estate executors of the estate property. After nullification of the sale, petitioners therein requested an award of attorney's fees made necessary by the wrongful sale. The Supreme Court held that the necessary statutory basis for an award of attorney's fees may not be supplied by implication but can be found only in the express terms of the statute.

█ We hold in the instant case, as did the Supreme Court in *Knebel,* that in Texas, unless there is a contract between the parties, an award of attorney's fees must have a statutory basis, found only in the express terms of the statute in question. We do not find those express terms in the provision of the Texas Trust Act, *supra,*

relied upon by appellant. Statutory provisions for the recovery of attorney's fees are in derogation of the common law, are penal in nature and must be strictly construed. *See Knebel v. Capital Nat'l Bank in Austin, supra,* at 804, *New Amsterdam Casualty Co. v. Texas Industries, Inc., supra,* at 915.

We hold that the phrase "to surcharge trustee" in § A of art. 7425b–24 *supra,* is not an express legislative provision for the assessment of attorney's fees. We affirm the trial court's denial, as a matter of law, of the claim for an award of attorney's fees as a surcharge against the trustee.

CANTU, Justice, dissenting in part and concurring in result.

I deem it unnecessary to hold that a trial court is without authority, as a matter of law, to award attorneys' fees as a surcharge against the trustee under the provisions of the Texas Trust Act, Tex.Rev.Civ.Stat.Ann. art. 7425b–24, § A (Vernon 1960). I find no ambiguity in these provisions, nor do I read these provisions as attempting to create any statutory authority for the granting of attorneys' fees such as to require statutory construction.

A reading of the title and purpose of S.B. No. 251 (Texas Trust Act), 48th Legislature Regular Session, 1943, Chapter 148, p. 232, clearly indicates a legislative intent to create nothing more than a vehicle or mechanism for the enforcement of trustee liabilities through the courts, to-wit:

... [f]ixing and delineating the tort and contractual liabilities of trustees and trust estates; providing for exoneration or reimbursement in the incurrence of certain of such liabilities and prescribing a method whereby such liabilities may be enforced in the courts ...

The majority opinion creates confusion where none is necessary under the circumstances of this case. By the very nature of the language in section A of art. 7425b–24, *supra,* the granting of authority to the trial court implies a corresponding grant of discretion to surcharge or not. But the use of surchargeage has nothing to do with the right to attorneys' fees. It merely permits

their imposition through surcharge upon a showing of a right to the fees in the first place. This is obvious from the specific provisions for personal liability of the trustee enumerated in Tex.Rev.Civ.Stat.Ann. arts. 7425b–21 [tort] and 7425b–19(C) [contract] (Vernon 1960).

No one can argue with the general proposition that attorneys' fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or a contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). But if suit is brought against a trustee upon a contract providing for attorneys' fees [1] or upon a tort alleging fraud or willful conduct [2] can we say that the trial court may not through the power of surcharge enforce the trustee's liabilities merely because attorneys' fees are included?

I doubt that the legislature intended the conferring of such a power upon the courts to result in a limitation rather than an enlargement. The majority opinion creates such an impression. From the record before us, the trial court clearly was of the opinion that appellant had not brought himself within the prerequisites for attorney fees and his denial on that basis constituted an exercise of discretion independent of art. 7425b–24, *supra*.[3] The trial court having decided against the granting of attorneys' fees, it follows that they cannot be surcharged.

In the absence of abuse of discretion, and I find none, I would uphold the trial court's decision without the necessity of holding that as a matter of law the term surcharge does not include the assessment of attorneys' fees.

For the foregoing reasons I dissent in part but concur in the result.

1. *Miner v. Paris Exchange Bank*, 53 Tex. 559 (1880).

2. *Houston & T. C. R. Co. v. Oram*, 49 Tex. 341 (1878); *Pan American Petroleum Corp. v. Hardy*, 370 S.W.2d 904 (Tex.Civ.App.—Waco 1963, err. ref. n. r. e.).

3. The judgment recites that appellant is not "entitled, as a matter of law, to attorney fees as against appellee individually *nor* to an imposition of surcharge upon appellee individually. The trial court correctly recognized that the granting of attorneys' fees is independent of, and a prerequisite to, their enforcement by way of surcharge.