**GANZ, Plaintiff,**

v.

**LYONS PARTNERSHIP, L.P., Defendant.**

**No. 3:94–CV–2545P.**

United States District Court, N.D. Texas, Dallas Division.

May 5, 1997.

MEMORANDUM AND ORDER ON LYONS' REQUEST FOR RECONSID-ERATION IN PART OF MAY 3199 ORDER ON MOTION OF GANZ FOR RECOVERY OF ATTORNEY'S FEES WEST AND EXPENSES

URBOM, Senior District Judge.

In my memorandum and order on motion of Ganz for recovery of attorney's fees and expenses, dated October 8, 1996, I said that Lyons' argument that Texas Civil Practice & Remedies Code, § 38.001, *et seq.* does not provide that attorney's fees are recoverable from a limited partnership was not well taken. I think now that that holding was hasty and ill-considered. I shall reverse that holding for two reasons: First, the cases I cited are not authority for the proposition. Second, an analysis of the statute leads to the opposite conclusion from that made in my October 8, 1996, memorandum.

### ATTORNEY'S FEES

*Effect of Prior Cases Awarding Attorney's Fees Against Limited Partnerships*

In *Federal Deposit Insurance Corp. v. Enventure V,* 868 F.Supp. 870 (S.D.Tex.1994), *reversed on other grounds,* 77 F.3d 123 (5th Cir.1996), Enventure V was a limited partnership under the Texas Uniform Limited Partnership Act. With respect to the award of attorney's fees the magistrate judge said at page 877:

"Moreover, as the prevailing party, the FDIC is entitled to recover attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon 1992), as well as under the terms of the instruments upon which it sues. After considering the nature of the case, the quality of the representation, and the affidavit of Leonard Sparks III, the court has determined that a reasonable attorney's fee is $12,000.00. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir.1974)."

There is no other discussion of any issue regarding attorney's fees. Hence, whether § 38.001 permitted allowance of an attorney's fee against a limited partnership was not discussed or resolved. Furthermore, there was no need to rely upon the statute, because the court said an attorney's fee was recoverable "under the terms of the instruments upon which [the plaintiff] sues."

In *Carlyle Real Estate Limited Partnership-X v. Leibman d/b/a Rebel Liquor Store*, 782 S.W.2d 230 (Tex.App.—Houston 1989), the only objection to a fee allowance mentioned was that there was no evidence that the fees sought were reasonable and necessary. The entire discussion on the issue is as follows:

"In its fourth point of error, the appellant complains that the trial court erred in awarding attorney's fees in connection with a turnover proceeding, claiming that there was no evidence presented showing that such fees were reasonable and necessary.

The turnover statute specifically provides for an award of attorney's fees. Tex. Civ. Prac. & Rem.Code Ann. sec. 31.002(e) (Vernon 1986). In his application for post-judgment injunctive or turnover relief, the appellee requested reasonable attorney's fees in the amount of $5,000. Further, the attorney's fees were attested to by an affidavit attached to the appellee's response to motion for clarification and cross-motion for further post-judgment relief. This sworn affidavit by the appellee's attorney sets forth the reasonable and necessary expenses for the application for turnover relief, as well as additional expenses in the event the turnover application is appealed.

There was no testimony at the hearing itself concerning attorney's fees.

We conclude that the claim for attorney's fees is governed by Tex. Civ. Prac. & Rem.Code Ann. sec. 38.001 (Vernon 1986). Under that section, there is a rebuttable presumption that the usual and customary attorney's fees are reasonable. Tex. Civ. Prac. & Rem.Code Ann. sec. 38.003 (Vernon 1986). The statute further provides that in a proceeding before the court, the court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence. *See Tesoro Petroleum Corp. v. Coastal Refining & Marketing, Inc.*, 754 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Moreover, the trial court need not formally announce that it has taken appropriate judicial notice, and it will be presumed that the court did so, in the absence of evidence to the contrary. *Holsworth v. Czeschin*, 632 S.W.2d 643 (Tex.App.—Corpus Christi 1982, no writ).

The allowance of attorney's fees is within the sound discretion of the trial court, and its judgment will be reversed only upon a clear showing of abuse. *Espinoza v. Victoria Bank & Trust*, 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Here, the appellee's affidavit documented attorney's fees of $5,000 in connection with the turnover proceeding. This amount was not contested by the appellant, and it has not charged the trial court with an abuse of discretion in its award.

The appellant's fourth point of error is overruled."

*Id.* at 233.

In the *Carlyle* case, there is nothing to suggest that the issue of whether a limited partnership fell within the statutory meaning of "an individual or a corporation" of § 38.001 was raised.

In *Richard Gill Co. v. Jackson's Landing Owners' Association*, 758 S.W.2d 921 (Tex. App.—Corpus Christi 1988), the sole issue regarding attorney's fees was stated as follows at 926:

"In their third point of error appellants complain that the trial court erred in awarding attorney's fees to the appellee, because the evidence was legally and factually insufficient either to show that appellee made a proper prior demand for the amount of its claim, or to support the amount of the award of attorney's fees."

There is in the opinion no discussion of whether The Richard Gill Company's being a limited partnership had any relevance to the subject of award of attorney's fees.

I give only nominal weight to these courts' having awarded attorney's fees against limited partnerships, because the courts' silence suggests there was no issue raised or considered about the legality of the awarding of such fees against a limited partnership.

### Analysis of Section 38.001.
### as Amended in 1986

Tex. Civ. Prac. & Rem.Code Ann. § 38.001, as amended in 1986, authorizes recovery of an attorney's fee against an "individual or corporation." This represented a change from the language "a person or corporation" found in Art. 2226, its predecessor. The significance of that amendment was analyzed in *Base–Seal, Inc. v. Jefferson County, Texas*, 901 S.W.2d 783 (Tex.App.—Beaumont 1995). The specific issue was whether section 38.001 authorizes recovery of attorney's fees against a county.

In holding that it does not, the court began with the statement that "The general rule in Texas regarding attorney's fees is that each litigant must compensate his own attorney," citing *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1964). Recovery of attorney's fees, however, from an opposing party is allowed "when a statute or a contract between the parties authorizes such recovery," citing *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). Noting that no contract in that case authorized recovery of an attorney's fee, the court turned to the question of whether a statute did. It ruled out Art. 601f § 10 and then discussed § 38.001, as follows:

"The question then arises as to whether § 38.001 authorizes recovery of attorney's fees against a county. Section 38.001 does not mention a county or the state; it does, however, specifically provide that '[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for … furnished material … ' The wording in § 38.001 represents a change from the wording of TEX. REV. CIV. STAT. ANN. Art. 2226 (Vernon Supp.1985)(repealed 1986), the predecessor of § 38.001. Art. 2226 provided as follows:

'any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished … may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. … '

The legislature repealed Art. 2226, codified the attorney's fee statute in section 38.001 of the Texas Civil Practices and Remedies Code, and changed the wording used to specify the classifications of those entitled to recover attorney's fees, as well as those against whom attorney's fees can be recovered.

Pertinent to this case is the change in the wording which identifies those *against* whom attorney's fees can be recovered. The phrase 'person or corporation' in Art. 2226 was changed to 'individual or corporation' in § 38.001. The effect of the change is to specify more clearly the classifications of those against whom attorney's fees may be recovered. The classifications of 'individual or corporation' do not include a county, since a county is neither an individual (human being) nor a corporation, but is, instead, a political subdivision of the state.

In a well-reasoned opinion, the court in *Lake LBJ Mun. Utility Dist. v. Coulson*, 839 S.W.2d 880 (Tex.App.—Austin 1992, no writ), discusses at length the change in terminology in § 38.001 and concludes that

a county is neither an individual nor a corporation. The opinion cites the reviser's note to TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, which points out the reason for the change in wording in the statute:

(1) The revised law omits the source law reference [Art. 2226] to a 'corporation, partnership, or other legal entity' in the description of a *claimant* because the Code Construction Act (V.A.C.S. Article 5429b–2) includes those entities in the definition of "person."

(2) The revised law does not use "person" in the reference to *an opposing party* because the Code Construction Act definition of "person" is broader than the source law [Art. 2226] meaning of the term. (emphasis added)

. . . .

Because of the broadness of the definition of 'person' in the Code Construction Act, the drafters of § 38.001 chose not to use 'person' to identify *those against* whom attorney's fees may be recovered. 'Person' in the Code Construction Act includes not only 'corporations, partnerships, or other legal entities'; it also includes a 'government or governmental subdivision or agency.' The conclusion in number 2 of the Reviser's Note, as quoted above, is that the meaning of 'person' in the Code Construction Act is broader than the meaning of 'person' in Art. 2226. To retain the more restrictive meaning, the legislature changed the terminology used to describe those liable for attorney's fees under § 38.001 from 'person or corporation' to 'individual or corporation.' The change in wording from 'person' to 'individual' signifies that the classification in § 38.001 is intended to restrict the term 'person' to an individual human being, thereby precluding the inclusion of governmental entities among those against whom a party can recover attorney's fees. *Lake LBJ Mun. Utility Dist. v. Coulson,* 839 S.W.2d at 890–891. When one factors in the word changes in § 38.001, along with a definition of 'person' in the Code Construction Act, it is apparent that Jefferson County is not an individual under § 38.001.

Neither is Jefferson County a corporation under the ordinary meaning of the term, as used in § 38.001 (citations omitted). A county is a political subdivision of the State; as such, it is neither an individual nor a corporation."

*Id.* 785–787.

■ The drafters of the amended statute, the present section 38.001, dealt specifically with both those entities who can make claims and those against whom claims may be made for attorney's fees. As to the ones against whom claims may be made, the legislature changed the phrase "person or corporation." to "individual or corporation." The natural and logical explanation is that the legislature, knowing that the Code Construction Act defined "person" to include "partnerships," among others, thereby intended to exclude those who by definition are not "individuals" or "corporations." It excluded "partnerships." To now read "partnerships" back in would defy the ordinary expectation of the legislative act. As the *Base–Seal, Inc.* court did not stretch "individual or corporation," to include "county" so the phrase cannot be stretched to include "partnerships." I see no way of defining a "limited partnership" as not being a partnership. Neither can I see how to define a limited partnership as an "individual" or a "corporation." Although it is true that section 38.005 provides that the attorney's fee statute "shall be liberally construed to promote its underlying purposes," I cannot think that an underlying purpose is to find liability for such fees against an entity excluded by a statutory amendment. The legislature obviously knew that "person" included "partnerships." It eliminated that word and substituted "individual," a narrower term that by common meaning does not include a partnership, limited or otherwise.

It could be argued, I suspect, though the plaintiff has not argued it, that a limited partnership is an "individual," because the partners—at least the general partners—are liable for the limited partnership's debts and the partners are "individuals." The shortcoming in this argument is that it is the partnership, not the partners, who have been sued. The limited partnership, according to the Texas Revised Limited Partnership Act,

is a legal entity that is formed "at the time of the filing of the initial certificate of limited partnership...." TX. CIV. ST. Art. 6132, § 2.01(b). It has the obligation of indemnification in most situations. Section 11.01 *et seq.* An "individual," on the other hand, is a human being. *Base–Seal, Inc. v. Jefferson County, Texas, supra.*

Although the parties have not presented an analysis of the Texas Revised Limited Partnership Act, for distinguishing a limited partnership from a corporation, I have studied the Act for that purpose and note significant provisions that distinguish a limited partnership from a corporation. A limited partnership's name must contain the words "Limited Partnership," "Limited," or the abbreviation "L.P." or "Ltd.," *id.* § 1.03, and must not contain a word or phrase "indicating or implying that it is a corporation." *Id.* § 1.03(4). It must have a partnership agreement entered into by the partners, and one or more partners, including all general partners, must execute a certificate of limited partnership. *Id.* § 2.01. The filing of the certificate is notice that the partnership is a limited partnership. *Id.* § 2.09. The limited partnership is not a *limited liability partnership,* unless it is registered as such under Texas Revised Partnership Act and "has as the last words or letters of its name the words 'Limited Partnership' or the abbreviation 'Ltd.' followed by the words 'registered limited liability partnership' or the abbreviation 'L.L.P.'" *Id.* § 2.14(a)(1) and (3). General partners are not immune from or limited in liability, except if the partnership is a limited liability partnership, and limited partners may be liable for the partnership debts in some circumstances. *Id.* § 3.03(d). Profits and losses are allocated among the partners as provided in the partnership agreement and, in the absence of such a provision in the agreement, according to the interests in the partnership. *Id.* § 5.03. A limited partnership is dissolved on the occurrence of events specified in the partnership agreement to cause dissolution, or on the written consent of all partners, or on the withdrawal of a general partner, or by a judicial decree of dissolution. *Id.* § 8.01.

## COSTS

Objection is made by Lyons to Ganz' claim for costs. In its reply brief of Ganz in support of motion for recovery of attorney's fees and expenses Ganz in footnote 1 says, "Ganz withdraws its request for recovery of expenses pursuant to [Section 38.001 of the Texas Civil Practice & Remedies Code.] Ganz, however, reserves the right to renew its request for recovery of its expenses pursuant to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 following the entry of judgment in Ganz's favor." It is apparent that Ganz is now making claim under 28 U.S.C. § 1920 for its costs, though a judgment has not been entered.

In my memorandum and order on motion of Ganz for recovery of attorney's fees and expenses, dated October 8, 1996, I closed by saying:

> "Accordingly, if Ganz chooses to make a showing with respect to those items permissible under section 1920, being careful to support any claim of any item allowable under section 1920, it may do so at the same time that it submits any further showing regarding fee allowance and that showing will constitute the bill of costs."

Thereafter, the second supplemental affidavit of Bruce O. Baumgartner was submitted, dated October 24, 1996. Lyons has objected to every cost set out in what now constitutes the bill of costs, except item (1), $120 "Filing fees"; item (3)a "Service of Subpoenas/Per Diem and Mileage" in the amount of $710 and item (4)b and c "Exhibits" $896.60 and "Depositions" $1,444.

The objection to the court reporter fees for depositions is that "Many of the depositions were taken by Ganz merely for discovery, rather than being necessarily obtained for use in the case." Opposition to Ganz's Amended Application ..., served November 5, 1996. I do not find that to be the case. Originals and one copy were necessarily and appropriately received as stated in the bill of costs.

The travel expenses over 100 miles has to do with seven witnesses transported from Canada to Dallas for trial. Those ex-

penses were necessarily and reasonably incurred.

 In *Coats v. Penrod Drilling Corp.*, 5 F.3d 877 (5th Cir.1993), the court approved the district court's denial of an amount for "blow-ups" used at trial, saying "These expenses are not included in § 1920 and therefore are not recoverable." *Id.* 891. The expenses for blow-ups in the amount of $3,166.32 will be disallowed.

Accordingly, the amount of costs allowable under 28 U.S.C. § 1920 is $28,259.62.

Lyons also asks that Ganz be required immediately to pay Lyons the sum of $11,-502.77 for the expense and attorney's fee related to the taking of the video trial deposition of Sam Ganz. My oral order was that Ganz would be permitted to take the video deposition of Sam Ganz for use at the trial, but that Ganz was to be responsible for Lyons' expenses in the making of a special trip to Toronto for that deposition, including its actual attorneys' fees, except those incurred during the actual examination. It is also true that on inquiry by counsel for Ganz I said that Ganz could not have taxed as costs the expense of that Ganz video deposition. I cannot be certain that the bill of costs does not include the cost of that video deposition of Sam Ganz. If it does, it should not, and counsel are directed to inform me promptly if it is so included, whereupon it will be disallowed.

The defendant is entitled to payment of its expenses, including attorney's fees except those incurred during the actual taking of the deposition (because that time and energy would have been spent if the plaintiff's examination had been done by way of cross-examination at the taking of the first Ganz deposition) in making the trip to Toronto for the plaintiff's taking of Sam Ganz' deposition. But the defendant must first deliver to the plaintiff an itemized statement of the attorney's fee request and expenses of the trip.

IT IS ORDERED that:

1. the memorandum and order on motion of Ganz for recovery of attorney's fees and expenses, dated October 8, 1996, is withdrawn, insofar as it says that Lyons' objection to an award of attorney's fees to a limited partnership is not well taken;

2. Lyons' request for reconsideration in part of order on motion of Ganz for recovery of attorney's fees and expenses, dated November 5, 1996, is granted;

3. when a judgment is entered for the plaintiff, it shall not include any allowance for an attorney's fee;

4. when a judgment is entered for the plaintiff, it shall include costs in the amount of $28, 259.62, subject to change if the plaintiff's expenses in taking the deposition of Sam Ganz in Toronto is included in the bill of costs; the plaintiff's counsel shall inform the court and the defendant within 7 days of the fact in that regard; and

5. Lyons' request for order on costs against Ganz, dated November 5, 1996, is reserved, pending presentation to the plaintiff of an itemization of the attorney's fee request and expenses of the Toronto trip.