No. 04-00-00634-CV



ACCEPTANCE INSURANCE COMPANY,


Appellant


v.


S & S TELECOM, INCORPORATED,

Appellee


From the 285th Judicial District, Bexar County, Texas

Trial Court No. 1997-CI-04718

Honorable Pat Boone, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: July 25, 2001


AFFIRMED IN PART; REVERSED IN PART


 Acceptance Insurance Company, Inc. (Acceptance) appeals the trial court's award of
damages to its insured, S & S TeleCom, Inc. (S&S). In two points of error, Acceptance
complains the trial court erred in awarding S&S breach-of-contract damages and in awarding
S&S attorney's fees. We affirm in part and reverse in part. 

Background


 Acceptance issued S&S a comprehensive general liability insurance policy. During
the policy period, S&S entered several service contracts with Southwestern Bell (SWB), one
of which provided S&S would remove telephone equipment from SWB's Corpus Christi
plant. During the removal, S&S employees cut through cable trays enclosing telephone
switching equipment. Metal shavings from the cable trays fell into the switching frames,
damaging them in the amount of $66,004.00. SWB demanded S&S pay the repair costs, and
S&S turned the claim into Acceptance, seeking coverage for the loss.

 Acceptance denied coverage, claiming the incident fell within a policy exclusion.
After S&S did not pay the repair costs, SWB withheld $66,004.00 from its payment to S&S
for the services rendered under its contracts with SWB. S&S filed suit against SWB,
claiming SWB breached the service contracts by withholding payment. Finding the S&S
employees were negligent in damaging the SWB equipment, the trial court ruled SWB did
not breach the service contracts by withholding the repair costs. 

 S&S then filed suit against Acceptance, claiming Acceptance breached the insurance
contract by denying the claim. S&S sought the $66,004.00 withheld by SWB, the attorney's
fees expended pursuing its breach of contract claim against SWB, and the attorney's fees
expended in the current suit. The trial court granted S&S summary judgment, awarding the
amount withheld by SWB and attorney's fees for both lawsuits. 

Breach of Contract 

 In its first point of error, Acceptance claims the trial court erred in granting summary
judgment to S&S for breach of contract. In determining whether the trial court properly
granted summary judgment in favor of S&S, we review the record under a de novo standard.
Nixon v. Mr. Prop. Mgt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). At trial and on appeal,
Acceptance did not argue S&S's claim fell within a policy exclusion, but rather that SWB's
withholding of repair costs does not constitute a covered loss. S&S's policy provides:

We will pay those sums that the insured becomes legally
obligated to pay as damages because of [an occurrence] to
which this insurance applies. We will have the right and duty
to defend any "suit" seeking those damages. We may at our
discretion investigate any "occurrence" and settle any claim or
"suit" that may result.


To ascertain coverage, we must determine: (1) whether S&S's claim constitutes an
"occurrence"; and (2) whether S&S was "legally obligated" to pay the damages arising from
the "occurrence." See Trinity Universal Ins. Co v. Cowan, 945 S.W.2d 819, 821-22 (Tex.
1997). 

 In S&S's policy, "occurrence" is defined as "an accident, including continuous or
repeated exposure to substantially the same general harmful conditions." Acceptance argues
that SWB's withholding of service fees does not constitute an "occurrence," and therefore,
there is no coverage for S&S's loss. We reject this argument. To determine whether S&S's
incident constitutes an "occurrence," we analyze the facts underlying the insured's alleged
liability. Tex. Med. Liab. Trust v. Zurich Ins. Co., 945 S.W.2d 839, 842 (Tex. App.- Austin
1997, writ denied). Therefore, we consider S&S's actions leading to SWB's injury, not
SWB's reaction to the injury. (1)
 In determining whether S&S was "legally obligated" to pay
for the damage to SWB's property, we remember that, unlike other contracts where
ambiguous language creates a fact question, insurance policies are analyzed with a
presumption in favor of coverage. State Farm Fire & Cas. Co. v. Reed, 873 S.W.2d 698,
701 (Tex. 1993). In other words, we construe ambiguities against the insurer and in favor
of the insured. Id. However, every difference in the interpretation of an insurance policy
does not constitute an ambiguity. Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 134 (Tex.
1994). In this case, no suit was brought against S&S, but the Findings of Fact & Conclusions
of Law in S&S's suit against SWB provide S&S negligently damaged SWB's equipment:

Employees of S&S were negligent in the use of a saw cutting
tool for the removal of the bays containing the switch frames
that were to be preserved for re-use, without taking adequate
precautions to protect the equipment from contamination by
metal shavings. This negligence proximately caused damage to
the equipment, for which SWBT had to expend the sum of
$66,004.00 to repair. The cost of this repair was reasonable and
was necessarily incurred by SWBT.


Holding that S&S's policy provided coverage for the loss, we overrule Acceptance's first
point of error. See Tex. Prop. & Cas. Ins. Guar. Assoc. v. Boy Scouts of Am., 947 S.W.2d
682, 691 (Tex. App. - Austin 1997, no writ). 

Attorney's Fees

 In its second point of error, Acceptance claims the trial court erred in awarding S&S
attorney's fees. (2) Litigants have no right to recover attorney's fees except those established
by contract or statute. New Amsterdam Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d 914, 915
(Tex. 1967). The Texas Civil Practice and Remedies Code provides that, generally, litigants
may recover reasonable attorney's fees incurred in a valid claim based on a written contract. (3)
Narrowing the scope to insurance policies, the Texas Supreme Court held:

[I]n a policyholder's successful suit for breach of contract
against an insurer that is subject to the provisions listed in
section 38.006, the insurer is liable for reasonable attorney's
fees incurred in pursuing the breach-of-contract action under
section 38.001 unless the insurer is liable for attorney's fees
under another statutory scheme. 


Grapevine Excavation, Inc. v. Md. Lloyds, 35 S.W.3d 1, 5 (Tex. 2000). Because we affirm
the trial court's judgment finding Acceptance breached the contract, we affirm the trial
court's award of $16,622.50 in attorney's fees for the amount S&S expended pursuing the
lawsuit against Acceptance. (4) 

 Next we must determine whether the trial court erred in finding Acceptance liable for
S&S's attorney's fees in the SWB lawsuit. If the converse of this case had occurred, that is,
if SWB had sued S&S, it is clearly established S&S could collect the attorney's fees incurred
in defending itself in the underlying suit. Goswick v. Employers' Cas. Co., 440 S.W.2d 287,
290 (Tex. 1969). In that instance, however, S&S's right to attorney's fees would stem from
Acceptance's breach of its duty to defend S&S. Id. 

 In this case, Acceptance's duty to defend has not been implicated. S&S was not
forced to defend itself in a suit brought by SWB, but rather, S&S took affirmative action to
sue SWB for withholding payment. S&S chose to bring suit against SWB instead of
pursuing Acceptance for what S&S considered a wrongfully denied claim. We find no
provision in S&S's contract parallel to the "duty to defend" clause that provides S&S
coverage for legal fees incurred when it chooses to sue third parties. Because the duty to
defend clause has not been implicated and we do not find the facts S&S sought to prove in
its SWB lawsuit so intertwined with the facts of the current suit, we hold section 38.006 does
not permit S&S to recover from Acceptance the attorney's fees expended in pursuing a
breach-of-contract claim against SWB. A holding to the contrary would encourage insureds
in S&S's position to bring suit against the party they injured, rather than pursuing a remedy
directly by suing their insurer for wrongfully denying claims. We overrule in part and
sustain in part Acceptance's second point of error.

Conclusion We affirm the trial court's award of breach-of-contract damages in the amount of
$66,004.00. Further, we affirm the trial court's award of $16,622.50 in attorney's fees for
the amount expended in S&S's lawsuit against Acceptance. We reverse the trial court's
ruling awarding $16,622.50 to S&S for the SWB lawsuit. 


 PAUL W. GREEN

 JUSTICE


DO NOT PUBLISH
1. See, e.g., Mass. Bonding & Ins. Co. v. Orkin Exterminating Co., 416 S.W.2d 396, 400 (Tex. 1967);
Employers Cas. Co. v. Brown-McKee, Inc., 430 S.W.2d 21, 24 (Tex. App. - Tyler 1968, writ ref'd n.r.e.) ; see also
Lafarge v. Hartford Cas. Ins. Co., 61 F.3d 389, 395 (5th Cir. 1995); Hartford v. Cruse, 938 F.2d 601, 605 (5th
Cir. 1991). Acceptance did not argue, in response to S&S's motion for summary judgment or on appeal, that the
activity leading SWB to withhold payment, i.e., S&S's cutting through the metal boxes, does not constitute an
"occurrence." 

2. Acceptance and S&S stipulated that S&S incurred $33,245.00 in attorney's fees - one-half of the amount
incurred from the SWB suit and one-half incurred from the Acceptance suit.
3. Tex. Civ. Prac. & Rem. Code Ann. §38.001(8) (Vernon 1997).
4. Before the trial court granted S&S summary judgment, S&S dropped all claims except its breach of
contract action against Acceptance. Therefore, Acceptance cannot be considered "liable for attorney's fees under
another statutory scheme," such as the DTPA or Article 21.21 of the Insurance Code. Grapevine Excavation, 35
S.W.3d at 5.