Paul M. VON BECK–LUTES, Plaintiff,

v.

Manfred ARNING and Gabriele Arning, Defendants.

No. SA–07–CA–32–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

March 2, 2007.

Ben A. Wallis, Jr., Law Office of Ben Wallis, P.C., San Antonio, TX, for Plaintiff.

Tommy L. Newton, Jr., Allen, Stein & Durbin, P.C., San Antonio, TX, for Defendants.

## ORDER

ORLANDO L. GARCIA, District Judge.

Before the Court is the defendants' amended motion to dismiss. (Docket no. 4.) Plaintiff has not responded.

Plaintiff brings allegations of assault, civil conspiracy, and intentional infliction of emotional distress. Plaintiff also seeks punitive damages and attorney's fees. According to plaintiff's complaint, plaintiff is a resident of Bexar County and defendants are citizens of and reside in Germany. Plaintiff claims that a dispute over funeral arrangements between himself and defendant Gabriele Arning, who "purports herself to be [the decedent's] daughter", culminated when defendants assaulted him at his wife's funeral. Plaintiff alleges that after he asked Gabriele to abide by the probate judge's order concerning the funeral arrangements, she

> spoke loudly to Defendant Manfred Arning in German. Immediately thereafter, Defendant Manfred Arning, without warning, stepped in front of Plaintiff knocking Plaintiff's arm down and striking Plaintiff in the head and eye with the back of his head and also striking Plaintiff's body with his body. Defendant's blow caused Plaintiff to be knocked off his feet and fall backward towards the ground. Plaintiff was caught just before he hit the cement pad of the burial pavilion. The Plaintiff was just a foot away from his wife's casket when he was assaulted by the Defendants.

Plaintiff's Original Complaint at 3. Plaintiff alleges in his complaint that the amount in controversy exceeds $75,000. *Id.* at 1. *See* 28 U.S.C. § 1332(a).

Defendants assert that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Fed.R.Civ.P. 12(b)(1). Defendants also move to dismiss plaintiff's intentional infliction of emotional distress and attorney's fees claims on the ground of failure to state a claim. FED.R.CIV.P. 12(b)(6). Defendants seek a hearing on their motion.

### Subject matter jurisdiction.

██ If the plaintiff's allegation of jurisdictional amount is appropriately challenged by the defendant, the plaintiff must support the allegation by competent proof. *Opelika Nursing Home, Inc. v. Richardson,* 448 F.2d 658, 666 (5th Cir.1971). Plaintiff has thus far made no attempt to meet this burden. In such a case, it is incumbent on the district court to initiate further inquiry into the propriety of exercising jurisdiction. *Id.* Thus, the Court will withhold its decision on defendants' motion to dismiss for lack of subject matter jurisdiction and will grant their request for a hearing where plaintiff will bear the burden to establish that the amount in controversy exceeds $75,000.

### Intentional infliction of emotional distress.

Defendants argue that plaintiff has failed to state an intentional infliction of emotional distress claim under Texas law even if the facts alleged in his complaint are true. In order to recover at trial on his state-law claim of intentional infliction of emotional distress, plaintiff would have to prove that defendants (1) acted intentionally or recklessly (2) in an extreme and outrageous manner (3) that caused him to suffer emotional distress (4) that was severe. *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 195 (5th Cir.1996); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Conduct is "outrageous" for purposes of an intentional infliction of emotional distress claim only if it surpasses all possible bounds of decency, such that it is utterly intolerable in a civilized community. *Weller*, 84 F.3d at 195. Whether a defendant's conduct is extreme or outrageous enough to permit recovery is a matter within the province of the court. *Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 151 (5th Cir.1996).

The behavior described in plaintiff's complaint does not meet the outrageousness standard of Texas law. The blows suffered by plaintiff at his wife's graveside could not cause emotional suffering "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993) (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)); *see also Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex.2003) (per curiam) (in commercial construction dispute, course of conduct of party that was persistently insensitive, harassing, unreasonable, and otherwise wrongful to a recent widow was not severe enough to constitute extreme and outrageous conduct).

Even if plaintiff s allegations are severe and outrageous enough to support a cause of action for intentional infliction of emotional distress, the claim must still be dismissed. Intentional infliction of emotional distress is a "gap-filler" tort, allowing recovery in the rare instances in which a defendant intentionally inflicts severe emotional distress in an unusual manner so the victim has no other recognized theory of redress. *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). "Where the gravamen of a plaintiff s complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* Properly limited, the tort is not available when the actor " 'intends to invade some other legally protected interest,' even if emotional distress results." *Id. See also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816–18 (Tex.2005). The gravamen of plaintiff s claim is assault. Therefore, he cannot also recover for intentional infliction of emotional distress.

### Attorney's fees.

Plaintiff's cause of action for attorney's fees must also be dismissed. Generally, attorney's fees are not recoverable in an action for tort. *See New Amsterdam Cas. Co. v. Texas Indus.*, 414 S.W.2d 914, 915 (Tex.1967) ("attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties"); see also TEX. CIV. PRAC. & REM.CODE ANN. § 38.001. Plaintiff's causes of action all sound in tort, and the Court is unaware of any statute that would permit recovery of attorney's fees as an element of damages for those claims.

Defendant's motion to dismiss is GRANTED IN PART. Plaintiff's claims for intentional infliction of emotional distress and for attorney's fees are DIS-

MISSED. Defendants' motion to dismiss plaintiffs complaint for lack of subject matter jurisdiction is held in abeyance pending a hearing. An evidentiary hearing is set for *9:30 a.m.* on *April 18,* 2007 in Courtroom Number One of the United States Courthouse, 655 E. Durango Blvd., San Antonio, Texas.