JIM R. WRIGHT,
Chief Justice, dissenting.
Because I believe that Section 141.005 of the Structured Settlement Protection Act[1] applies only to those matters arising after the trial court has approved a transfer, I dissent.
Statutes authorizing the award of attorney’s fees are penal in nature and in derogation of the common law, and we must strictly construe them. New Amsterdam Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d 914, 915 (Tex.1967). We review matters of statutory construction de novo. City of Rockwall v. Hughes, 246 S.W.3d 621 (Tex.2008). We use the definitions as prescribed by the legislature and any “technical or particular meaning” the words “have acquired.” Tex. Gov’t Code Ann. § 311.011(b) (West 2005); City of Rockwall, 246 S.W.3d at 625. Otherwise, we are to construe the words in a particular statute in light of “their plain and common meaning.” City of Rockwall, 246 S.W.3d at 625.
The statute under review in this case begins with these words: “[Hollowing a transfer.” Then follows a list of attorney’s fees, reasonable costs, and certain other *411 things for which recovery is allowed under the statute. Section 141.005.
Before we can apply Section 141.005, it is necessary for us to define some of the terms in the statute. The word “transfer” is defined in the SSPA to include, among other things, any sale or assignment of structured settlement proceeds. Id. § 141.002(18). “Transfer agreement” means “the agreement providing for a transfer of structured settlement payment rights.” Id. § 141.002(19). No transfer of a structured settlement payment right is effective unless and until it is approved by the trial court as provided in the SSPA. Id. § 141.004. Thus, it would seem that the word “transfer” cannot include within its definition the term “transfer agreement.”
A transfer does not exist nor can it take place absent court approval. See id. In the event the trial court does not approve the transfer, none of the things mentioned in Section 141.005 will ever take place because there has been no transfer of structured settlement payments. Because a transfer has not taken place, there can be no damages brought about by it. Therefore, it would appear that the words “[fjollowing a transfer” mean those things listed in Section 141.005 that are incurred only after a court has approved a transfer agreement.
For all of the foregoing reasons, I would hold that Section 141.005 is applicable only to those items listed there as are incurred following court approval of a transfer agreement. Id. § 141.005. It is only then that a transfer has occurred, and it is only then that anything can follow it.
Only because I believe that the SSPA does not provide for them, I would reverse the judgment of the trial court and render judgment that Aegon Structured Settlements, Inc. and Monumental Life Insurance Company take nothing in their suit for attorney’s fees.

. Tex. Civ. Prac. & Rem Code Ann. §§ 141.001-.007 (West 2011).